**A.E. JOHNSON, Appellant,**

v.

**Nooruddin PUMJANI d/b/a Pick–N–Pay and Nadeem Enterprise Inc. d/b/a A & M Food Market, Appellees.**

**No. 14–97–01341–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 2001.

---

A.E. Johnson, pro se.

George J. Prappas, Houston, for appellees.

Panel consists of Justices LEE, DRAUGHN and AMIDEI.*

## OPINION

LEE, Justice.

A.E. Johnson, appellant in this case, filed suit alleging appellees sold inferior gasoline which damaged his equipment. The trial court rendered judgment in favor of Johnson, who then filed a motion for new trial which the trial court denied. In five points of error Johnson contends the trial court erred (1) in not granting his motion to recuse; (2) in failing to file

* Senior Justices Draughn and Lee and Former     Justice Maurice Amidei sitting by assignment.

findings of fact and conclusions of law, as requested by appellant; (3) in failing to grant his motion to "reinstated [sic] the case on the trial court docket, or to increase the judgments;" (4) in failing to set an oral hearing on appellees' motion for partial summary judgment; and (5) in failing to act on his requests for findings and conclusions. Because the trial court failed to act on a motion to recuse, we will reverse and remand as to their point.

Appellant filed a motion to recuse on May 20, 1997. The record contains no indication that the trial court ever acted on this motion in any way.

"One of the most fundamental components of a fair trial is 'A neutral and detached judge.'" *Metzger v. Sebek*, 892 S.W.2d 20, 37 (Tex.App.—Houston [1st Dist.] 1994, writ denied) (quoting *Ward v. Village of Monroeville*, 409 U.S. 57, 62, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972)). The impartiality of the judge is not only a matter of constitutional law but of public policy, as well. *Id.* at 38. How the court system handles motions to recuse goes to the very heart of the promise of impartiality.

When a motion to recuse is filed, a trial court has only two options: recusal or referral of the case to the presiding judge for a determination as to its merits. Tex.R. Civ. P. 18a(c); *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 178–79 (Tex.App.—Corpus Christi 1999, no pet.); *Carson v. Gomez*, 841 S.W.2d 491, 493 (Tex.App.—Houston [1st Dist.] 1992, no writ). The court does not have the option of doing nothing. *Rio Grande Valley Gas*, 987 S.W.2d at 178; *Brosseau v. Ranzau*, 911 S.W.2d 890, 892 (Tex.App.—Beaumont 1995, no writ). This is true even when the motion may be considered untimely or as stating insufficient grounds for recusal. *Jamilah v. Bass*, 862 S.W.2d 201, 203 (Tex. App.—Houston [14th Dist.] 1993, no writ). The motion may ultimately fail on those grounds, but that decision should be made by some other judge so as to avoid even the appearance of impropriety. *Brosseau v. Ranzau*, 28 S.W.3d 235, 238 (Tex.App.— Beaumont 2000, no pet.). In pursuing an option unavailable under the rule, the trial judge violates his plain duty and abuses his discretion as a matter of law. *Jamilah*, 862 S.W.2d at 203. Furthermore, if a trial court fails to comply with the rules governing motions for recusal, all subsequent actions by the court in the case are void. *Brosseau*, 28 S.W.3d at 238; *Rio Grande*, 987 S.W.2d at 179. See also *Carson v. McAdams*, 908 S.W.2d 228, 228–29 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding) (during pendency of motion to recuse court shall take no further action except for good cause stated in the order).

In the present case, Johnson filed a motion to recuse, but the trial court took no action on the motion. Regardless of the sufficiency of the motion, this was error. *Brosseau*, 28 S.W.3d at 238; *Rio Grande Valley Gas*, 987 S.W.2d at 179; *Carson*, 908 S.W.2d at 228–29. The actions taken by the trial court after the filing of the motion are void. *Brosseau*, 28 S.W.3d at 238.

We also find this to be true, despite the fact that our record shows that the trial court ruled on a motion to recuse four days earlier.[1] Even if appellant merely refiled his previously filed motion to recuse, "the court does not have the option of doing nothing." *Rio Grande Valley Gas*, 987 S.W.2d at 179. The fact that a motion to recuse has been filed previously does not affect the mandatory nature of

---

1. This motion to recuse does not appear in our record. Although a hearing was held about the time the trial court referred the recusal motion to a presiding judge, appellant did not timely file a reporter's record.

Rule 18a. *Cf. Jamilah*, 862 S.W.2d at 202 (despite procedural shortcomings of motion to recuse, trial court did not have option of ignoring motion). The rule provides the remedy, explicitly authorizing the presiding judge or his designate to sanction the movant if "it is determined ... that the motion to recuse is brought solely for the purpose of delay and without sufficient cause[.]" TEX.R. CIV. P. 18a(f). The remedy does not lie in ignoring the motion.

■ Because appellant's second, third and fifth points of error complain of actions taken by the trial court after the motion to recuse was filed, those points are denied as moot. This leaves only appellant's contention that the trial court erred by not granting his motion to compel oral argument on a defense motion for partial summary judgment. While the docket sheet indicates this motion was granted before appellant's motion to recuse was filed, this motion is not included in the record before us. However, the omission does not matter because appellant is not entitled to an oral hearing on a motion for summary judgment. *See Martin v. Martin, Martin & Richards Inc.*, 989 S.W.2d 357, 359 (Tex.1998); *Adamo v. State Farm Lloyds*, 853 S.W.2d 673, 677 (Tex.App.— Houston [14th Dist.] 1993, writ denied). Because Rule 166a states specifically that "[n]o oral testimony shall be received at the hearing," any oral hearing would be limited to attorney argument, and regulation of argument lies within the sound discretion of the trial court. We therefore overrule appellant's fourth point of error and affirm this portion of the trial court's judgment.

The judgment of the trial court is otherwise reversed and the cause remanded for proceedings consistent with this opinion.