In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-00575-CV
____________

DOV AVNI KAMINETZKY, A/K/A DOV K. AVNI, INDIVIDUALLY AND
AS ASSIGNEE OF HI-NOI CORPORATION, AND INVESTMENT
PERFORMANCE CORPORATION, Appellants

V.

HERBERT RICHARDSON AND JOHN E. GILMORE, Appellees




On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 99-40435



MEMORANDUM OPINION
          Herbert Richardson and John E. Gilmore, appellees, sued Dov Avni
Kaminetzky, Hi-Noi Corporation, and Investment Performance Corporation (IPC),
appellants, to quiet title to real property bought at a foreclosure sale. The trial court
rendered post-answer default judgment in favor of Richardson and Gilmore. 
Kaminetzky presents 15 issues for review and Hi-Noi and IPC present 14 issues for
review. We affirm.
Background
          Kaminetzky and Hi-Noi Corporation were the record owners of Johanna Square
Apartments. In August of 1999, Richardson and Gilmore purchased the property at
a foreclosure sale. The instrument that was being foreclosed upon was a purchase-money deed of trust. After the foreclosure sale, Kaminetzky entered the property and
attempted to collect rents from tenants, threatened tenants if they did not pay him, and
filed documents in the real property records clouding Richardson and Gilmore’s title. 
Richardson and Gilmore then filed suit to quiet title and then sought and was granted
a temporary injunction against appellants enjoining them from collecting rents, from
excluding Richardson and Gilmore from possession of the property and from filing
documents in the real property records. On February 3, 2000, after appellants did not
appear, the trial court rendered a post-answer default judgment in favor of Richardson
and Gilmore.
Hi-Noi Corporation
          In his answer, Kaminetzky claimed to be appearing on behalf of himself and 
“as the complete assignee of record of all causes of action, claims, defenses, and
liabilities of Hi-Noi Corporation.” He filed an assignment of “causes of action and
rights of recovery” with the answer. Based on this assignment of rights, Kaminetzky
filed motions and made objections on behalf of Hi-Noi. On appeal, Hi-Noi relies on
these motions and objections to preserve error.
          Having assigned its cause of action, claims, defenses, and liabilities to
Kaminetzky, Hi-Noi had no standing to participate at trial, nor does it have standing
to participate in this appeal. Torrington Co. v. Stuzman, 46 S.W.3d 829, 843 (Tex.
2000) (holding that Texas courts have long held that an appealing party may not
complain of errors that do not injuriously affect it or that merely affect the rights of
others).
          Accordingly, we overrule all of Hi-Noi’s points of error.
IPC
          In its first through fourth, sixth, eighth, ninth, and eleventh through fourteenth
points of error, IPC either relies on objections and motions made by Kaminetzky to
support its arguments that the trial court erred or complains of harm that it did not
incur. IPC cannot rely on the motions and objections made by other defendants to
preserve error, and it has no standing to complain about harm which it did not incur. 
Tex. R. App. P. 33.1; Beutel v. Dallas Cty. Flood Control Dist., 916 S.W.2d 685, 694. 
(Tex. App.—Waco 1996, writ denied) (holding that in trial involving multiple
defendants, each party must make its own objection to preserve error for appeal);
Torrington Co., 46 S.W.3d at 843.In its fifth issue, IPC contends that the trial judge erred in disregarding
evidence that the assignment of notes and liens by appellees’ affiliate was
fraudulently generated and backdated, and thus the purchase of Johanna Square
Apartments was void. In its seventh issue, IPC contends that the trial court
committed reversible error by denying it all pre-trial discovery. In its tenth issue, IPC
contends that the court erred in granting summary judgment against it. 
          In its original answer, IPC disclaimed any interest in the title of the property
that was the subject matter of the lawsuit and stated that it was not in possession of
the premises or any part of the property. On January 26, 2000, the trial court found
that IPC had filed a valid disclaimer, and that it had formally disputed plaintiff’s title
to the property prior to filing its disclaimer. Based on these facts and the arguments
of the parties, the court held that IPC was estopped from making a claim to the
property at issue and entered summary judgment against IPC. 
          A disclaimer in a pleading is regarded as a judicial admission requiring no
proof of the admitted fact and authorizing the introduction of no evidence which
contradicts it. Kennesaw Life & Acc. Ins. Co. v. Goss, 694 S.W.2d 115, 117 (Tex.
App.—Houston [14th Dist.] 1985, writ ref’d n.r.e.). To be effective, a disclaimer
need only assert that the defendant does not claim any title or interest in the land and
does not assert any claim to it. Jordan v. Exxon, 802 S.W.2d 880, 884 (Tex.
App.—Texarkana 1991, no writ). A disclaimer cannot be retracted or withdrawn
except upon permission of the court. Sanders v. Taylor, 500 S.W.2d 684, 686 (Tex.
Civ. App.—Fort Worth 1973, no writ). IPC filed a valid disclaimer, and the trial
court did not give it permission to withdraw it.
          Because it filed a valid disclaimer that was not withdrawn, IPC’s fifth, seventh,
and tenth points of error are without merit. IPC lacks standing to complain that the
assignment was fraudulent because it disclaimed any interest in the property. 
Because IPC disclaimed interest in the property in its original answer, and because
the only judgment entered against it simply recognized this fact, it is unclear how IPC
was denied discovery. Moreover, because it was undisputed that IPC did not own the
property at issue, the trial court did not err in holding such.
          Accordingly, we overrule all of IPC’s points of error.
Kaminetzky
Recusal Issues 
          In his first issue, Kaminetzky contends that Judge Ray erred in overruling
Kaminetzky’s section 74.053(b) objection to her assignment to hear his second
motion to recuse Judge Donovan. Section 74.053(b) of the Government Code
provides that “If a party to a civil case files a timely objection to the assignment, the
judge shall not hear the case.” Tex. Gov’t Code Ann. § 74.053(b) (Vernon Supp.
2003).
          A brief recitation of pertinent facts is necessary. On September 20, 1999,
Kaminetzky filed a motion to recuse Judge Donovan for bias. On October 14, 1999,
Judge McAdams denied Kaminetzky’s motion to recuse. On October 21, 1999
Kaminetzky filed a second motion to recuse Judge Donovan for bias. On November
10, 1999, Kaminetzky objected to the assignment of Judge McAdams to hear his
second motion to recuse Judge Donovan pursuant to section 74.053(b). Id. On
November 11, 1999, Judge McAdams overruled Kaminetzky’s objection and denied
his second motion to recuse Judge Donovan. On December 13, 1999, Judge
McAdams vacated the November 11, 1999 orders and sustained Kaminetzky’s
objection to his assignment. On January 11, 2000, Judge Ray was assigned to hear
Kaminetzky’s second motion to recuse Judge Donovan. On January 13, 2000,
Kaminetzky objected to Judge Ray’s assignment pursuant to section 74.053(b). The
next day, Judge Ray denied his objection to recuse her and denied his second motion
to recuse Judge Donovan.
          Kaminetzky contends that, because Judge Ray did not recuse herself or request
the presiding judge of the administrative judicial district to assign a judge to hear the
motion, as required by Rule 18(a)(c) of the Rules of Civil Procedure, the denial of his
second motion to recuse Judge Donovan was void. We disagree.
          Section 74.053(b) limits each party to one objection per case, unless the
assigned judge is a “former judge or justice who was not a retired judge.” Tex.
Gov’t Code Ann. § 74.053(b) and (d) (Vernon Supp. 2003). Having already
objected to Judge McAdams pursuant to section 74.053(b), Kaminetzky was not
entitled to object to Judge Ray under that section. Judge Ray did not err in denying
his objection to her assignment, and, therefore, her order denying Kaminetzky’s
second motion to recuse Judge Donovan was not void.
          We overrule Kaminetzky’s first issue.
          In his second issue, Kaminetzky contends that Judge Donovan erred when he
continued to make orders and take action after Kaminetzky filed a motion to recuse
him and prior to a hearing on that motion.
          On September 20, 1999, Kaminetzky filed a motion to vacate or modify the
August 20, 1999 temporary injunction entered against him and, alternatively, to
recuse Judge Donovan for bias. He also filed a notice that oral hearing on this motion
would be held on September 24, 1999. On September 24, 1999, Judge Donovan
denied the motion to vacate and the motion to recuse. On October 14, 1999, Judge
McAdams denied Kaminetzky’s motion to recuse Judge Donovan.
          When a motion to recuse is filed, a trial court has only two options: recusal or
referral of the motion to the presiding judge for a determination as to the merits of the
motion. Tex. R. Civ. P. 18a(c); Johnson v. Pumjani, 56 S.W.3d 670, 672 (Tex.
App.—Houston [14th Dist.] 2001, no pet.). If the judge declines to recuse himself,
“Except for good cause stated in the order in which further action is taken, the judge
shall make no further orders and shall take no further action in the case after filing of
the motion and prior to a hearing on the motion.” Tex. R. Civ. P. 18a(d). In pursuing
an option unavailable under the rule, the trial judge abuses his discretion as a matter
of law. Johnson, 56 S.W.3d at 672. Furthermore, if a trial court fails to comply with
the rules governing motions for recusal, all subsequent actions by the court in the case
taken before the motion to recuse is ruled upon are void. Id. 
          Because Judge Donovan took action by denying Kaminetzky’s motion to
vacate the injunction before Judge McAdams ruled on the motion to recuse, and
because no good cause was stated in the order, the order denying the motion to vacate
is void. Because this voided order did not effect the disposition of the case, we
conclude that this error was harmless.
          We overrule Kaminetzky’s second issue.
          In his fifth issue, Kaminetzky contends that Judge Donovan should have been
disqualified under Rule 18(c)(2) because his pervasive bias prevented him from
conducting impartial proceedings. Kaminetzky argues that Judge Donovan was
biased against him because he held two ex parte hearings, one on August 18, 1999,
and one on August 24, 1999, and because he denied one of his motions.
          On October 14, 1999 Judge McAdams denied Kaminetzky’s first motion to
recuse Judge Donovan. An order denying a motion to recuse is reviewed for an abuse
of discretion. Tex. R. Civ. P. 18a(f); In re M.C.M., 57 S.W.3d 27, 33 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied). A trial court abuses its discretion when
it rules arbitrarily, unreasonably, without regard to guiding legal principles, or
without supporting evidence. Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998).
          Where a party challenges a denial of a recusal motion based on alleged bias or
impartiality, the party must show that this bias arose from an extrajudicial source and
not from actions during the pendency of the trial court proceedings, unless these
actions during proceedings indicate a high degree of favoritism or antagonism that
renders fair judgment impossible. In re M.C.M., 57 S.W.3d at 33. 
          There is no evidence in the record that Judge Donovan held ex parte hearings.
Nor is there anything in the record to indicate a high degree of favoritism or
antagonism rendering fair judgment impossible. Id. Adverse judicial rulings without
proof of an extra-judicial source do not constitute a valid basis for recusal. Ludlow
v. Deberry, 959 S.W.2d 265, 271 (Tex. App.—Houston [14th Dist.] 1997, no writ). 
Judge McAdams did not abuse his discretion in denying Kaminetzky’s first motion
to recuse Judge Donovan.
          We overrule Kaminetzky’s fifth issue.
Inadequate Briefing
          In his third issue, Kaminetzky contends that Judge Donovan erred by entering
post-answer default judgment against him because the case was still pending on Judge
Stone’s docket.


 Judge Stone was assigned to the 61st district court. On January 31,
2000, Judge Stone rendered post-answer default judgment in favor of Richardson and
Gilmore because appellants failed to appear. On February 1, 2000, Judge Stone
voided the post-answer default judgment because Kaminetzky had filed a timely
objection to her assignment under section 74.053(d) of the Government Code. Tex.
Gov’t Code Ann. § 74.053(d) (Vernon Supp. 2003). On February 3, 2000, Judge
Donovan rendered a post-answer default judgment in favor of Richardson and
Gilmore. 
          Kaminetzky’s argument is without merit. The case was pending in the 61st
district court and was not on Judge Stone’s docket. Judge Donovan is the presiding
judge in that district. Judge Donovan did not err by presiding over the case. 
          We overrule Kaminetzky’s third issue.
Accelerated Appeal
          In his fourth issue, Kaminetzky contends that Judge Donovan erred by
disregarding the pendency of his accelerated appeal and rendering a post-answer
default judgment against him. On February 3, 2000, Kaminetzky filed a notice of
accelerated appeal challenging the January 26, 2000 order denying his motion to
vacate the December 10, 1999 order that required Kaminetzky and Choice
Acquisitions to appear for deposition testimony and prohibited “defendants” from
seeking or conducting any discovery until after both depositions had been completed. 
          Section 51.014 of the Civil Practice and Remedies Codes lists the orders that
may be appealed before final judgment. Tex. Civ. Prac. & Rem. Code Ann. §
51.014 (Vernon Supp. 2003). We construe this statute authorizing interlocutory
appeals strictly because it is a narrow exception to the general rule that only final
judgments and orders are appealable. Montgomery County v. Fugua, 22 S.W.3d 662,
665 (Tex. App.—Beaumont 2000, pet. denied). Because the December 10, 1999
order is not the type of order listed under section 51.014, Kaminetzky had no right of
accelerated appeal from the order and his argument is without merit.
          Moreover, on February 3, 2000, Judge Donovan withdrew the December 10,
1999 order and proceeded with a trial on the merits. Rule 29.5 of the Rules of
Appellate Procedure provides, in relevant part, “While an appeal from an
interlocutory order is pending the trial court retains jurisdiction of the case and may
make further orders, including one dissolving the order appealed from, and may
proceed with a trial on the merits.” Tex. R. App. P. 29.5 Therefore, Judge Donovan
did not err.
          We overrule Kaminetzky’s fourth issue.
Judicial Notice
          In his sixth issue, Kaminetzky contends that the trial court erred when it failed
to take judicial notice of certain facts, rules, statutes, and records as requested. Rule
201 of the Rules of Evidence provides:
A judicially noticed fact must be one not subject to
reasonable dispute in that it is either (1) generally known
within the territorial jurisdiction of the trial court or (2)
capable of accurate and ready determination by resort to
sources whose accuracy cannot reasonably be questioned.
 
Tex. R. Evid. 201(b)(2); Off. of Pub. Util. Counsel v. Public Util. Comm’n of Tex.,
878 S.W.2d 598, 600 (Tex. 1994). Judicial notice is mandatory if “requested by a
party and the court is supplied with the necessary information.” Tex. R. Evid.
201(d); Off. of Pub. Util. Counsel, 878 S.W.2d at 600. Assertions made by an
individual, even under oath, are not the type of facts that are capable of accurate and
ready determination by a source whose accuracy cannot reasonably be questioned. 
O’Quinn v. Hall, 77 S.W.3d 438, 447 (Tex. App.—Corpus Christi 2002, no pet. );
Garza v. State, 996 S.W.2d 276, 279-80 (Tex. App.—Dallas 1999, pet. ref’d). 
Judicial notice applies only to facts that are beyond credible dispute. O’Quinn, 77
S.W.3d at 447. 
          In most of his motions, Kaminetzky requested that the trial court take judicial
notice of the “facts and documents referenced in this motion which are on file in this
case” after he stated his version of the facts in the case and made a series of
allegations. In the same motion, he would then often ask the trial court to take
judicial notice of the “laws and rules of civil procedure of the state district court
system.” In his brief, Kaminetzky does not specify which facts and documents he is
now complaining of. Many of the “facts and documents referenced” in his motions
are intermingled with facts and documents that are not the type of facts which are
beyond credible dispute. 
          We hold that Kaminetzky has not satisfied the requirement of Rule 38.1(h) that
an issue be adequately briefed. Tex. R. App. P. 38.1(h). Accordingly, we overrule
Kaminetzky’s sixth issue.
          In their briefs, IPC and Kaminetsky request this court to take judicial notice of
approximately 30 items. A court of appeals has the power to take judicial notice for
the first time on appeal. Off. of Pub. Util. Counsel, 878 S.W.2d at 600. To the extent
their request for judicial notice includes rules and statutes that are susceptible to
“accurate and ready determination by resort to sources whose accuracy cannot
reasonably be questioned,” we take judicial notice of them. Tex. R. Evid. 201(b)(2).
Temporary Injunction
          In his seventh issue, Kaminetzky contends that the trial court erred in
temporarily enjoining him from the following: (1) collecting rents on the property;
(2) interfering with plaintiff’s possession of the property; and (3) filing documents
in the Real Property Records of Harris County. In his tenth point of error,
Kaminetzky contends that the trial court erred by denying his motion to vacate the
August 20, 1999 temporary injunction.
          The rendition of a final summary judgment by the trial court renders an appeal
relating to the temporary injunction moot. Isuani v. Manske-Sheffield Radiology
Group, P.A., 802 S.W.2d 235, 236 (Tex. 1991); Jordan v. Landry's Seafood
Restaurant, Inc., 89 S.W.3d 737, 741 (Tex. App.—Houston [1st Dist.] 2002, pet
denied). The temporary injunction has expired and no longer exists. Jordan, 89
S.W.3d at 741.
          The trial court has rendered final judgment in this case. Therefore,
Kaminetzky’s complaints that the trial court erred in granting the temporary
injunction and that it erred in denying his motion to vacate the injunction are moot. 
Isuani, 802 S.W.2d at 236. 
          We overrule Kaminetzky’s seventh and tenth points of error.
Discovery
          In his eight issue, Kaminetzky contends that the trial court erred by denying
him “all pre-trial discovery.” Kaminetzky was not denied “all pre-trial discovery.” 
Kaminetzky took the depositions of Richardson and of Clifton A. Goodwin, Jr. (the
trustee named in the $123,000 promissory note which was secured by Johanna Square
Apartments). Kaminetzky also asked for and received a response to his request for
disclosures and an abstract of title. 
          Kaminetzky contends that the December 10, 1999 order requiring Kaminetzky
and Choice Acquisitions No. 4 to appear for deposition testimony and prohibiting him
from seeking or conducting any discovery in this case or from testifying until after
both depositions have been completed was an abuse of discretion. The trial court
further ordered that if both Kaminetzky and Choice Acquisitions No. 4 did not appear
to provide deposition testimony, Kaminetzky would be prohibited from testifying in
any capacity during the trial of this case. 
          To be entitled to reversal, Kaminetzky must not only establish that the trial
court erred by entering the sanction of not permitting Kaminetzky to conduct further
discovery, but also that the error (1) probably caused the rendition of an improper
judgment or (2) probably prevented Kaminetzky from presenting his case to this
Court. Tex. R. App. P. 44.1(a)(1)-(2); Ceasar v. Rodriguez, No. 01-02-00027-CV
(Tex. App.—Houston[1st Dist.] January 23, 2003) (memorandum opinion). We
review the entire record to determine whether an erroneous discovery sanction
constitutes reversible error. Ceasar, No. 01-02-00027-CV.
          Even assuming, arguendo, that the trial court erred in prohibiting him from
conducting additional discovery, Kaminetzky has not established that the error
probably caused the rendition of an improper judgment or prevented him from
presenting his case to this court. The December 10, 1999 order prohibiting
Kaminetzky from conducting discovery until after he and Choice Acquisition No. 4
appeared for their depositions was withdrawn on February 3, 2000. Post-answer
default judgment was entered against Kaminetzky on that date because he failed to
appear for trial. Kaminetzky did not show that the prohibition against additional
discovery caused him to fail to appear at trial nor did he show that the prohibition
prevented him from presenting his case to this court.
          Accordingly, we overrule Kaminetzky’s eighth issue.
Necessary Parties
          In his ninth issue, Kaminetzky contends that the trial court erred in refusing to
dismiss or abate the case for non-joinder of indispensable parties. In his motion to
dismiss, Kaminetzky argued that Choice Personnel No. 4, Inc. and Choice
Acquisitions No. Three, Inc. owned an interest in the apartments that were the subject
of this suit and were indispensable parties, but that neither the companies, nor their
shareholders or successors in interest, were joined in the lawsuit. In a subsequent
motion, Kaminetzky argued that Richmore Properties I, Ltd. Spring Garden
Apartments, the law firm of Dow, Cogburn and Friedman, and “other co-conspirators” were also necessary parties, but he did not explain what relationship
these parties have to the lawsuit or why they were necessary.
          Rule 39(a) of the Rules of Civil Procedure provides, in relevant part that:
A person . . . shall be joined as a party in the action if (1) in
his absence complete relief cannot be accorded among
those already parties, or (2) he claims an interest and is so
situated that the disposition of the action in his absence
may (i) as a practical matter impair or impede his ability to
protect that interest or (ii) leave any of the persons already
parties subject to a substantial risk of incurring double,
multiple, or otherwise inconsistent obligations by reason of
his claimed interest. 
 
Tex. R. Civ. P. 39(a). Rule 39(a) no longer speaks of “necessary” and
“indispensable” parties, and Texas courts have begun to discard these terms. Sabre
Oil & Gas Corp. v. Gibson, 72 S.W.3d 812, 815 (Tex. App.—Eastland 2002, pet.
denied); Texas Oil & Gas Corp. v. Ostrom, 638 S.W.2d 231 (Tex. App.—Tyler 1982,
writ ref’d n. r. e.). The question of whether to proceed in the absence of a party who
would be affected by the judgment is within the discretion of the trial court. Allegro
Isle Condominium Ass.n v. Casa Allegro Corp., 28 S.W.3d 676, 678 (Tex.
App.—Corpus Christi 2000, no pet.); Gibson, 72 S.W.3d at 816; Pampell Interests,
Inc. v. Wolle, 797 S.W.2d 392, 394 (Tex. App.—Austin 1990, no writ). A trial court
abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding
legal principles, or without supporting evidence. Bocquet, 972 S.W.2d at 21. 
          Richardson and Gilmore sued the named party defendants in a action to quiet
title. Only the named party defendants had filed documents in the real property
records clouding appellees’ title. Kaminetzky did not explain how any of the parties
he sought to join satisfied the requirements of Rule 39(a). The trial court did not
abuse it discretion in refusing to dismiss or abate the case for additional entities and
persons.
          We overrule Kaminetzky’s ninth issue.
Summary Judgment
          In his 11th issue, Kaminetzky contends that the trial judge erred in granting
summary judgment against IPC. Because Kaminetzky was not a party to the summary
judgment proceedings, he has no standing to complain of error, if any. Torrington
Co., 46 S.W.3d at 843.
          We overrule Kaminetzky’s 11th issue.
Default Judgment
          In his 12th issue, Kaminetzky contends that the trial court erred in entering a
post-answer default judgment against him because Richardson and Gilmore failed to
prove the elements of their cause of action. In his 15th issue, Kaminetzky contends
that the trial court erred in failing to vacate the post-answer default judgment. 
Because the issues are related, we address them together.
          Kaminetzky contends that the default judgment was erroneous because
Richardson and Gilmore did not prove all the elements of their cause of action. 
Kaminetzky’s arguments are not altogether clear. He seems to be arguing that
Richardson and Gilmore did not prove (1) the assignment of the note and related liens
that form the basis of the foreclosure, and (2) that the note was not fully paid off
before the foreclosure sale. 
          At trial, Ron Cohen, substitute trustee at the foreclosure sale for Johanna
Square Apartments, identified the assignment, and the assignment was introduced
into evidence. Richardson and Gilmore also introduced evidence that the note was
in default and that Kaminetzky owed money on the note. 
          Therefore, we overrule Kaminetzky’s 12th issue.
Lack of Notice
          In his 13th issue, Kaminetzky contends that the trial court erred by failing to
give him reasonable notice of the February 3, 2000 trial setting. Rule 245 of the
Rules of Civil Procedure requires the trial court to give parties at least 45 days notice
of the first trial setting; but, when a case has been previously set for trial, the trial
court is required to give only reasonable notice to reset the trial to a later date. Tex.
R. Civ. P. 245; Osborn v. Osborn, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st
Dist.] 1997, writ denied).
          On August 20, 1999, the trial court ordered that the case would be tried on the
merits on October 4, 1999.


 During the following months, the trial court reset the
case on several occasions. On January 26, 2000, Judge Donovan set the trial for
January 31, 2000. On January 31, 2000, Judge Stone rendered a post-answer default
judgment against appellants. On February 1, 2000, Judge Stone voided the post-answer default judgment. On February 2, 2000, Kaminetzky received notice that the
trial was set for the following day. On the morning of February 3, 2000, Kaminetzky
went to the courthouse, filed a notice of accelerated appeal, and then left before the
trial commenced.
          Kaminetzky was given 45 days notice of the first trial setting. As of January
26, 2000, Kaminetzky knew that the case had been set several times on the trial
docket. He went to the courthouse on the morning of trial, filed a notice of
accelerated appeal, and served the notice of appeal on the plaintiff’s attorney before
departing. Under these facts, Kaminetzky had reasonable notice of the trial setting.
          We overrule Kaminetzky’s 13th issue.
Finding of Facts and Conclusions of Law
          In his 14th issue, Kaminetzky contends that the trial court erred in failing to
make the findings of facts and conclusions of law that he requested. On February 28,
2000, Judge Donovan filed extensive findings of facts and conclusions of law.
Kaminetzky made a timely request for additional findings of facts and conclusions
of law. Rule 298 provides, in relevant part,
After the court files original findings of fact and
conclusions of law, any party may file with the clerk of the
court a request for specified additional or amended
findings or conclusions. . . . The court shall file any
additional or amended findings and conclusions that are
appropriate within ten days after such request is filed.
 
Tex. R. Civ. P. 298. Additional findings are not required if the original findings of
fact and conclusions of law properly and succinctly relate the ultimate findings of fact
and law necessary to apprise the party of adequate information for the preparation of
his appeal. Jamestown Partners, L.P. v. City of Fort Worth, 83 S.W.3d 376, 386
(Tex. App.—Fort Worth 2002, pet. denied); In re Marriage of Morris, 12 S.W.3d
877, 886 (Tex. App.—Texarkana 2000, no pet.). If the record indicates that a party
did not suffer injury, the failure to make additional findings does not require reversal. 
Jamestown Partners, 83 S.W.3d at 386; Johnston v. McKinney Am., Inc., 9 S.W.3d
271, 277 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). If the refusal to file
additional findings does not prevent a party from adequately presenting an argument
on appeal, there is no reversible error. Jamestown Partners, 83 S.W.3d at 386.
          The findings of fact made by the trial court in this case clearly support the
judgment in appellees’ favor. Kaminetzky does not explain how the trial court’s
findings of facts and conclusions of law prevented him from adequately presenting
an argument on appeal. Kaminetzky merely asserts that the court should have filed
additional findings because this is a complicated case.
          We overrule Kaminetzky’s 14th issue.
 
 
 
 
 
Conclusion
          We affirm the trial court’s judgment. Any pending motions are denied.
 
                                                                        Adele Hedges
                                                                        Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.