Leon County v. Linda Grayson
















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-101-CV

     LEON COUNTY, ET AL.,
                                                                              Appellants
     v.

     LINDA GRAYSON,
                                                                              Appellee
 

From the 278th District Court
Leon County, Texas
Trial Court # 0-03-95A-1
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      This is a direct appeal from an order authorizing a writ of mandamus. Appellants are the
county commissioners of Leon County, the county judge, and Leon County. The procedural
history is central to understanding the issues, and we describe it in some detail.
BACKGROUND AND PROCEDURAL HISTORY
      The district judges having jurisdiction in a county have the authority to appoint the county
auditor. Tex. Loc. Gov’t Code Ann. ch. 84 (Vernon 1999 & Supp. 2003). The county auditor
may submit a list of assistant county auditors to the district judges who may approve the list and
the salary to be paid each person on the list; the commissioners court “shall order the salaries to
be paid.” Id. § 84.021(a) (Vernon 1999). The judges may appoint temporary assistants and
determine their salaries if an “emergency” exists. Id. § 84.021(b) (Vernon 1999).
      On February 13, 2003, two of the three district judges in Leon County, Judge Keeling and
Judge McAdams,


 held a special public meeting to appoint a county auditor and an assistant. 
Apparently there had not been a county auditor for two and one-half months, and there had not
been an assistant for nine and one-half months. The two judges signed an order appointing Susan
Pugh as county auditor with an annual salary of $42,000 and an order appointing Linda Grayson
as assistant county auditor with an annual salary of $29,500. Grayson had formerly served as
assistant county auditor from 1998 to May 2002, when she left the position. Her last salary was
$20,058.30.
      On March 10, 2003, the commissioners court adopted two orders, one setting Grayson’s
salary at $20,659.98, and the other not approving a salary of $29,500. The commissioners court’s
position was that it had authority under section 111.013 of the Local Government Code to
approve, or not approve, any salary for an assistant county auditor if it exceeded the salary for the
previous fiscal year by over five percent. Id. § 111.013 (Vernon 1999).
      Grayson responded on March 18 by filing in Judge Keeling’s court (a) an original petition for
declaratory judgment and injunctive relief against the commissioners, the county judge, and Leon
County (cause # 0-03-95A), and (b) a mandamus petition against the commissioners and the county
judge (cause # 0-03-95A-1), through both of which she sought to compel the commissioners court
to order a salary of $29,500. On March 25, the day of the hearing on the mandamus petition, the
commissioners and the county judge filed in the mandamus cause (a) a response, plea to the
jurisdiction, and jury demand, (b) a motion to recuse Judge Keeling for bias and for being a
potential witness, (c) a motion for a continuance, and (d) a motion to quash service.


 Judge
Keeling expressly or impliedly denied the plea, jury demand, motion for recusal, and request for
a continuance, and refused to quash service. At the conclusion of the hearing, Judge Keeling
granted the writ of mandamus. He personally signed the writ on March 26. On March 28, he sent
a letter to Judge Underwood, the presiding judge of the administrative district including Leon
County, informing him that he had not recused himself. He said: “The motion is frivolous and
made in bad faith. Every judge should and does have the right to enforce his or her own order.”
      The commissioners, the county judge, and Leon County filed a direct appeal in this court on
March 26. Their complaints are:
            1.   Judge Keeling abused his discretion regarding the motion for recusal by not
following Rule of Civil Procedure 18a(c), (d).
 
            2.   Judge Keeling abused his discretion when he denied the motion to quash service
based on the fact that the mandamus petition was served on the county attorney
rather than individually on the respondents.
 
            3.   Judge Keeling abused his discretion when he denied the motion for a continuance. 

            4.   Judge Keeling abused his discretion when he denied the request for a hearing before
a jury.
      On March 28, 2003, the commissioners, the county judge, and Leon County filed a
companion to their direct appeal—an original proceeding in this court seeking a writ of mandamus,
docketed # 10-03-102-CV, and a motion for emergency stay, which we granted. We denied the
petition for a writ of mandamus because there was an adequate remedy at law, i.e., this direct
appeal.
      While the appeal was pending, Judge Underwood issued an order, on April 29, 2003, without
a hearing, in which he granted the motion to recuse Judge Keeling. The parties have not filed a
complaint about this order.
ANALYSIS
      When a motion for recusal has been filed, the trial judge who is the subject of the motion has
only two options: (1) grant the motion and recuse himself, and request the presiding judge of the
administrative judicial district to assign another judge to sit, or (2) take no further action and
request the presiding judge of the administrative judicial district to assign a judge to hear the
motion for recusal.


 Tex. R. Civ. P. 18a. The Rule repeatedly uses the word “shall,” as does
section 74.059(c) of the Government Code: “A district . . . judge shall . . . request the presiding
judge to assign another judge to hear a motion relating to the recusal of the judge . . . .” Tex.
Gov’t Code Ann. § 74.059(c)(3) (Vernon 1998); see Ross v. State, 947 S.W.2d 672, 673 (Tex.
App.—Texarkana 1997, no pet.). Judge Keeling did neither: he did not recuse himself; he
referred the matter to the presiding judge but only after he had issued the writ of mandamus.
      An action taken by a trial judge in violation of Rule 18a is void. Tex. R. Civ. P. 18a(c), (d);
Johnson v. Pumjani, 56 S.W.3d 670, 672 (Tex. App.—Houston [14th Dist.] 2001, no pet.);
Brosseau v. Ranzau, 28 S.W.3d 235, 238 (Tex. App.—Beaumont 2000, no pet.); In re Rio Grande
Valley Gas Co., 987 S.W.2d 167, 179 (Tex. App.—Corpus Christi 1999) (orig. proceeding).
Therefore, the writ of mandamus issued by Judge Keeling is void. We sustain issue one.
      Having sustained the first issue, we do not address the remaining three issues.
 
      The writ of mandamus issued by Judge Keeling is void because he violated the requirements
of Rule 18a. We reverse the order granting a writ of mandamus and remand the cause for further
proceedings.

                                                             BILL VANCE
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissenting)
Reversed and remanded
Opinion delivered and filed July 30, 2003
[CV06]