Petition for Writ of Mandamus Denied and Memorandum Opinion filed
November 12, 2004









 

Petition for Writ of Mandamus Denied and Memorandum
Opinion filed November 12, 2004.

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01013-CV

____________

 

IN RE KIRK PURCELL, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On October 26, 2004, relator filed a petition
for writ of mandamus in this court.  See
Tex. Gov=t. Code Ann. ' 22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In his petition, relator seeks to have this
court compel the Honorable Bonnie Hellums to set aside orders signed May 11,
2004 and May 17, 2004 as void.  Relator
complains that the trial court improperly signed these orders after he had
filed a motion to recuse Judge Hellums from presiding over his child custody
modification proceeding.  Relator also
filed a motion for emergency relief requesting that we stay all proceedings in
the court below pending resolution of this petition.








When a motion to recuse is filed, a trial court has only two
options: recusal or referral of the motion to the presiding judge for a
determination as to the merits of the motion. 
Tex. R. Civ. P. 18a(c); Johnson
v. Pumjani, 56 S.W.3d 670, 672 (Tex. App.CHouston [14th Dist.] 2001, no
pet.).  If the judge declines to recuse
herself, A[e]xcept for good cause stated in the
order in which further action is taken, the judge shall make no further orders
and shall take no further action in the case after filing of the motion and
prior to a hearing on the motion.@ Tex.
R. Civ. P. 18a(d).  If a trial
court fails to comply with the rules governing motions for recusal, all
subsequent actions by the court in the case taken before the motion to recuse
is ruled upon are void.  Johnson,
56 S.W.3d at 672. 

On or about May 8, 2004, the guardian ad litem for relator=s minor children filed an emergency
motion for temporary orders to modify the conditions of possession of the
children.  On May 10, 2004, relator filed
a motion to recuse Judge Hellums.  On May
11, 2004, Judge Hellums signed an order declining to recuse herself and
referring the motion to Judge Olen Underwood, the presiding judge of this administrative
region.  Although relator provided no
reporter=s record containing a transcript, a
hearing was apparently held on the emergency motion to modify possession.  On May 11, 2004, Judge Hellums signed a
handwritten AAgreed Order for Mental Examination
of Kirk Purcell.@  On May 13, 2004,
Judge Underwood conducted a hearing on relator=s recusal motion and signed an order
denying the motion.  On May 17, 2004,
Judge Hellums signed temporary orders modifying the possession of the children
and again ordering a psychological examination of relator.[1]  Thus, the May 17, 2004 order, which
incorporated the terms of the May 11, 2004 order, was signed after the
motion to recuse had been denied by the presiding judge.  In addition, the findings contained in the
order, concerning the best interest of the children and their safety and
welfare, sufficiently recite good cause. 
See Tex. R. Civ. P. 18a(d);
 Mercer v. Driver, 923 S.W.2d
656, 659 (Tex. App.CHouston [1st Dist.] 1995, orig. proceeding) (declining to
issue writ of prohibition against judge in child custody and habeas proceedings
against whom motions to recuse had been filed because he could continue acting
in both proceedings for good cause shown). 








Relator has not established that he is entitled to mandamus
relief.  Accordingly, we deny relator=s motion for emergency relief and
petition for writ of mandamus. 

 

PER CURIAM

 

 

Petition Denied
and Memorandum Opinion filed November 12, 2004.

Panel consists of
Chief Justice Hedges and Justices Yates and Fowler.











[1]  Judge Hellums
subsequently recused herself.  Senior
Judge Don Ritter has been assigned to preside over the case.