NO. 07-03-0271-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 10, 2005

_____

STEVEN CHARLES POWELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A 2805-9403; HONORABLE ED SELF, JUDGE
_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellant Steven Charles Powell brings this appeal challenging a judgment revoking his community supervision and imposing his original sentence of ten years confinement and a $1,000 fine. We will affirm the judgment.

In March 1994 appellant was charged by indictment with the felony offense of sexual assault. The indictment was returned by a grand jury convened by the 64th District Court of Swisher County, the Honorable Jack Miller presiding. In July 1994 appellant pled guilty as part of a plea agreement. Judge Miller imposed sentence in accordance with the

agreement at ten years confinement and a $1,000 fine, probated for five years conditioned on appellant's compliance with terms set by the court.

In June 1998 the State filed a motion to revoke alleging seven violations of the terms and conditions of appellant's probation. Appellant pled true to six of the seven allegations at an October 1998 hearing on the motion. The court continued appellant on probation, adding three years to the term.[1]

The State filed a second motion to revoke in the 64th District Court in January 2002. This motion alleged six violations of his probation conditions. In March 2002 appellant pled true to a part of the State's allegation he failed to report to his probation officer. The trial court found the State's allegations true and again continued appellant on probation, extending the community supervision two years, for a total of ten years from the original sentence. The judgment waived appellant's "community service hours in the amount of 285 hours" and the crime stoppers payment.

The State filed its third motion to revoke in March 2003 alleging appellant violated four of the conditions of his probation. The Honorable Robert Kinkaid had succeeded Judge Miller as judge of the 64th District Court. Because Judge Kinkaid had previously participated as a prosecutor in the case he was disqualified and appellant filed a pro se request "to have Judge Kinkaid removed from my case," on April 28, 2003. A few days later Judge Kinkaid signed a order appointing attorney Peter Clarke to represent appellant

---

[1]This judgment does not appear in the record before us. Its terms are reflected in subsequent judgments.

in the revocation proceeding. Judge Kinkaid took no other action in the case until he appointed appellant's appellate counsel after the judgment of revocation.

The revocation proceeding was first called for a hearing before the Honorable Ed Self, judge of the 242nd District Court of Swisher County, on May 12, 2003. At that hearing appellant requested his objection to Judge Kinkaid be referred to the regional administrative judge for assignment of another judge but did not question the jurisdiction of the court. The only objection to Judge Self's participation was: "I [defense counsel] am familiar with the agreement the two courts [64th and 242nd] have on that. . . . Mr. Powell is basically objecting to that." The contents of any agreement between the judges of those courts is not clear from the record. Counsel also sought a continuance because he did not become aware of his appointment on the revocation proceeding until just before leaving his office on vacation and the revocation hearing began shortly after his return. Judge Self overruled the request for assignment of a judge by the regional administrative judge but granted a continuance until May 28, 2003.

When the hearing reconvened May 28, 2003, appellant pled true and filed a stipulation of evidence in which he admitted to three of the allegations in the State's motion. The caption on the stipulation recited it was filed in the 242nd District Court. Judge Self found each of the allegations in the State's petition true[2] and sentenced appellant to ten years confinement and a $1,000 fine. The judgment recites it was issued in the 64th District Court, Judge Self presiding. The commitment recites it was based on a judgment

---

[2]At the hearing Judge Self stated he did not find appellant committed one of the two acts forming the basis of the State's first ground.

of the 64th District Court. Acting pro se, appellant filed a notice of appeal. Judge Kinkaid appointed appellant's current counsel to represent him on appeal June 3, 2003. On June 11, 2003, Judge Self signed a certificate of appellant's right to appeal from the revocation only. This document was captioned in the 242nd District Court.

Appellant's appellate counsel filed a motion for new trial in the 242nd District Court alleging trial counsel failed to properly present appellant's request to recuse "the 64th District Court judge and its consequent effect mandating that no exchange of bench could occur to the Honorable Ed Self," that the "underlying" charges[3] have been dismissed, trial counsel's error harmed appellant, and the judgment was void. Judge Self's order overruling the motion for new trial is also captioned as occurring in the 242nd District Court.

Appellant's brief on appeal advances three points of error, (1) whether the trial court lacked jurisdiction, (2) whether it erred in denying appellant's motion for new trial, and (3) whether appellant was denied reasonably effective assistance of counsel.

Appellant first argues the trial court lacked jurisdiction over the proceeding because Judge Kinkaid was disqualified and had no authority to transfer the case to the 242nd District Court, and that the case was transferred without a written order as required by local rule. It is undisputed Judge Kinkaid was disqualified to hear the motion to revoke. Tex. Const. art. V, § 11; Tex. Code. Crim. Proc. Ann. art. 30.01 (Vernon Supp. 2004). Even assuming that Judge Kinkaid also would have been disqualified from taking the action of

---

[3]We perceive this to refer to criminal charges arising from the same facts on which the first ground in the State's motion to revoke was based.

transferring the case, *see Koll v. State*, 157 S.W.2d 377, 379 (Tex.Crim.App. 1941), *but see* Tex. Govt. Code Ann. § 24.303(b) (Vernon 2004) (directing disqualified judge of some district courts to transfer case to another district court in the same county), we do not agree that Judge Kinkaid did so.

Appellant's position the case was transferred to the 242nd District Court appears to be based on the fact Judge Self is the judge of that court. But, while the record is not entirely consistent, we conclude the case was tried by Judge Self in the 64th District Court under an exchange of benches. Section 24.303(b) and (c) of the Government Code expressly provide that in the event of the disqualification of a district judge, any other district judge of the county may hold court for him. Tex. Govt. Code Ann. § 24.303(c) (Vernon 2004).[4]

That the case was tried in the 64th District Court is established by the judgment from which appellant brings this appeal, which recites it was issued by the 64th District Court. The fact that Judge Self was the Judge of the 242nd District Court does not controvert the recitation in the judgment. *See Pendleton v. State*, 434 S.W.2d 694, 696-97 (Tex.Crim.App. 1968); Tex. Govt. Code Ann. § 24.303(b) (Vernon 2004).

The clerk's record contains some documents indicating the proceeding was heard in the 242nd District Court, but most of those were filed by appellant. The caption on the

---

[4]Section 24.303 expressly applies to the 242nd District Court, Tex. Govt. Code Ann. §§ 24.301, 24.419, and the context indicates it is also applicable to the 64th District Court.

reporter's record recites the hearing was held in the 242nd District Court, but the clerk's record reflects the proceeding occurred in the 64th District Court.

The record does contain three documents signed by Judge Self indicating the proceeding occurred in the 242nd District Court. They are the certificate of appellant's right to appeal, the order overruling appellant's motion for new trial, and an order directing payment of appellant's trial counsel. Viewing the record as a whole leads to the conclusion these three documents simply were in error to that extent.

The absence of a written order transferring the case provides additional support for the conclusion Judge Self heard the case in the 64th District Court under an exchange of benches rather than by transfer of the case to the 242nd District Court. As appellant notes, the local administrative rules for the 64th and 242nd District Courts contain the following provisions concerning transfers and exchange of benches:

> Rule 1.05. a) Any case may be transferred from one court to the other by written order of the judge from whom the case is transferred, provided the judge to whom the case is being transferred consents. Such consent shall be presumed upon the filing of a transfer order signed by the Judge of the Court from which the case is being transferred.
>
> b) The Judges may exchange benches by agreement as needed to promote judicial efficiency.

Under the local rule, no written order was required for an exchange of benches. *See also Davila v. State*, 651 S.W.2d 797, 799 (Tex.Crim.App. 1983) (citing *Pendleton*, 434 S.W.2d 694 (no written order required for an exchange of benches)); Tex. Const. Art. V, §11 ("the

District Judges may exchange districts, or hold courts for each other when they may deem it expedient."); Tex. Govt. Code § 24.303 (Vernon 2004).[5]

Appellant's reliance on the civil cases of *Johnson v. Pumjani*, 56 S.W.3d 670 (Tex.App.–Houston [14th Dist.] 2001, no pet.), *In re PG & E Reata Energy, L.P.*, 4 S.W.3d 897 (Tex.App.–Corpus Christi 1999) (orig. proceeding); and *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167 (Tex.App.–Corpus Christi 1999) (orig. proceeding), is misplaced. Those cases involve motions to recuse under Rule of Civil Procedure 18a. We agree with appellant's observation that Rule 18a can be applied in a criminal proceeding, *Arnold v. State*, 853 S.W.2d 543, 544 (Tex.Crim.App. 1993), but we do not agree it trumps the provisions of Government Code Section 24.303 that expressly address disqualified judges. Tex. Gov't Code Ann. §§ 24.303(b), (c). Even Article 30.02 of the Code of Criminal Procedure, also expressly applicable to disqualified judges, has not been treated as precluding an exchange of benches. *See* Special Commentary by Hon. John F. Onion, Jr., following Art. 30.02 in Tex. Code Crim. Proc. Ann. art. 30.02 (Vernon 1989). We overrule appellant's first point.

Appellant's second point of error asserts the trial court erred in denying his motion for new trial. That motion was predicated on appellant's challenge to Judge Self's authority to hear the revocation proceeding and trial counsel's ineffectiveness in challenging Judge Self's authority. Appellant also contends he was entitled to a hearing on the motion to

---

[5]Appellant points to an order in a different cause number as evidence that the local procedure is to use an order "to transfer from one court to the other, even on exchanges of benches." The argument, and referenced order, fail to distinguish between transfers and exchanges of benches. An exchange of benches is not a type of transfer.

demonstrate his trial counsel's ineffective representation at the May 12 hearing, at which he presented his objection to Judge Self's authority to preside over the proceeding, was not the result of trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Appellant's third point of error argues his trial counsel was ineffective because, although "counsel raised the issue of the 242nd District Court's inability to sit on the case, he failed to demonstrate the point by reference to controlling law, or to the record that there was no order exchanging benches in the case." By our disposition of his first point, we concluded appellant's premise that the revocation proceeding was heard in the 242nd District Court is incorrect. Too, because no order is necessary for an exchange of benches, *Pendleton*, 434 S.W.2d at 697, the failure of counsel to point to the absence of an order was not deficient performance. Having thus concluded the arguments appellant now contends trial counsel should have presented at the May 12 hearing are not meritorious, we cannot agree counsel's performance was deficient. *Jackson*, 877 S.W.2d at 771. Our disposition of appellant's first point is dispositive also of appellant's remaining arguments under his second and third points. We overrule them, and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.