Petition for Writ of Mandamus Conditionally Granted and Opinion filed
April 11, 2006









 

Petition for Writ of Mandamus Conditionally Granted
and Opinion filed April 11, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-06-00023-CV

____________

 

IN RE SUSAN C. NORMAN, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

O P I N I O N

In this original proceeding, relator, Susan C.
Norman, seeks a writ of mandamus ordering the respondent, Judge Russell Austin,
to vacate his order of December 20, 2005, denying relator=s motion to recuse him.  We conditionally grant the writ.

Facts

Relator filed a motion to recuse Judge Mike Wood of Probate
Court Number Two.  Judge Wood referred
the motion to the presiding judge of the statutory probate courts, who  assigned the motion to Judge Austin.  Relator then filed a verified motion to
recuse Judge Austin.  On December 20,
2005, Judge Austin signed an order denying relator=s motion to recuse him.  On the same date, Judge Austin ruled on the
motion to recuse Judge Wood. 








Relator challenges Judge Austin=s order of December 20, 2005, denying
the motion to recuse because Judge Austin failed either to recuse himself or
refer the motion.  Relator also claims
Judge Austin=s subsequent ruling on the motion to
recuse Judge Wood is void because Judge Austin was without authority to rule on
that motion.  

Analysis

Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles.  See Walker v. Packer,
827 S.W.2d 833, 839B40 (Tex. 1992).  A
trial court abuses its discretion if Ait reaches a decision so arbitrary
and unreasonable as to amount to a clear and prejudicial error of law.@  
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985).  In certain cases, in determining
whether the writ should issue, we also must consider whether the party has an
adequate remedy by appeal.  Id.

Denial of a motion to recuse is appealable upon final
judgment.  Tex. R. Civ. P. 18a(f). 
Thus, a relator challenging the denial of a recusal motion ordinarily
has an adequate remedy by appeal of the denial of a motion to recuse.  However, mandamus relief is available when a
judge violates a mandatory statutory duty either to recuse or refer a motion to
recuse. McLeod v. Harris, 582 S.W.2d 772, 775 (Tex. 1979);  In re Healthmark Partners, L.L.C., No.
14-04-00743-CV, 2004 WL 1899953, at *1 (Tex. App.BHouston [14th Dist.], Aug. 26, 2004,
orig. proceeding) (mem. op).

Under Texas Rule of Civil Procedure 18a, Judge Austin had a
mandatory duty either to recuse himself or to refer the recusal motion to the
presiding judge.  Tex. R. Civ. P. 18a. 
Furthermore, section 74.059(c)(3) of the Government Code states that a
district, statutory probate, or statutory county court judge shall Arequest the presiding judge to assign
another judge to hear a motion relating to the recusal of the judge from a case
pending in his court.@  Tex. Gov=t Code Ann. ' 74.059(c)(3) (Vernon 2005).  Judge Austin did not have the option of
denying the motion.








Real party, Mylus James Walker, has filed a response to
relator=s petition for writ of mandamus,
claiming that Judge Austin properly could deny the motion because the motion
was defective.  Walker claims the recusal
motion did not comply with the procedural and substantive requirements of
section 25.00255 of the Government Code. 
This section sets out the requirements for recusal or disqualification
of a statutory county court judge.  See
Tex. Gov=t Code Ann. ' 25.00255 (Vernon 2004).  Under this section, a recusal motion must be
filed at least ten days before the date of a hearing or trial, be verified, and
state with particularity the alleged grounds for recusal based on (1) personal
knowledge supported by admissible evidence, or (2) specifically stated grounds
for belief of the allegations.  Id.
at 25.00255(b).  Walker claims that the
recusal motion at in this case here did not state with particularity the
grounds for recusal.[1]









Even though a motion to recuse may be defective, the
challenged judge must either recuse or refer the motion, so that another judge
can determine the procedural adequacy and merits of the motion to recuse. See
Johnson v. Pumjani, 56 S.W.3d 670, 672 (Tex. App.BHouston [14th Dist.] 2001, no pet.);
Lamberti v. Tschoepe, 776 S.W.2d 651, 651 (Tex. App.BDallas 1989, writ denied).  This is the proper course of action
regardless of the sufficiency of the grounds for recusal.  Jamilah v. Bass, 862 S.W.2d 201, 203
(Tex. App.B Houston [14th Dist.] 1993, orig.
proceeding).  Though the motion to recuse
ultimately might fail, that decision is made by a different judge, thereby
avoiding even the appearance of impropriety. 
Johnson, 56 S.W.3d at 672. 
Thus, we hold that Judge Austin erred in failing to comply with the
rules governing motions for recusal and in denying the motion to recuse rather
than referring it so that another judge could rule on it.  

Furthermore, Judge Austin was not free to ignore the
statutory duty to either recuse or refer the motion to recuse him and instead
deny it, and then rule on the motion to recuse Judge Wood.  Once the motion to recuse Judge Austin was
filed, Judge Austin was precluded from taking any further action other than
issuing an order of recusal of himself or an order of referral to the presiding
judge. See Tex. R. Civ. P. 18a.  If a judge fails to comply with the rules
governing motions for recusal, all subsequent actions by the judge in that case
are void.  Johnson, 56 S.W.3d at
672.  Therefore, Judge Austin=s order ruling on the motion to
recuse Judge Wood is void.  See id.

As an additional ground for relief, relator claims that any
orders issued by Judge Austin are void because the case had been removed to
federal court.  Because we already have
held that it was an abuse of discretion for Judge Austin to deny the motion to
recuse him, we need not address this alternative ground.

Conclusion 

Judge Austin had a mandatory duty either to recuse himself or
refer the motion to the presiding judge, and it was a violation of that duty to
deny the motion.  Both orders signed by
Judge Austin on December 20, 2005, are void. 
We conditionally grant the petition for writ of mandamus.  Because both orders of December 20, 2005,
have been declared void by this court, the only remaining action for Judge
Austin is to request the presiding judge to assign another judge to hear
relator=s motion to recuse.  We are confident Judge Austin will comply
with this opinion.  Only in the unlikely
event he fails to do so, will the writ issue.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered
and Opinion filed April 11, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.











[1]  We are unpersuaded that the authority cited by Walker
applies to our facts or that it holds that a judge may deny a procedurally
defective motion.  See  McLeod v. Harris, 582 S.W.2d 772, 774
(Tex. 1979) (court expressly notes its ruling is not based on the merits of the
recusal motion); Hudson v. Texas Children=s Hosp., 177
S.W.3d 232, 235B38 (Tex. App.BHouston
[1st Dist.] 2005, no pet.) (court held that, once a recusal motion is filed,
the judge must either recuse or refer and make no other determinations and
assigned judge must make the determination whether the motion was timely);  In re Lincoln, 114 S.W.3d 724, 727 (Tex.
App.BAustin 2003, orig. proceeding) (any procedural defects
in the motion were not the basis for the court=s
ruling);  Brosseau v. Ranzau, 911
S.W.2d 890, 892-93 (Tex. App.BBeaumont 1995, no writ) (appellate court found the
motion was timely and the judge abused his discretion in refusing to either
recuse himself or refer the motion);  Petitt v. Laware, 715 S.W.2d 688,692 (Tex.
App.BHouston [1st Dist.] 1986, writ ref=d n.r.e.) (trial judge denied, but nonetheless
referred recusal motion to the presiding judge, who also denied it).