**Wanda HUDSON, As the Mother of Sun, Appellant,**

v.

**TEXAS CHILDREN'S HOSPITAL, Appellee.**

No. 01–05–00143–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 1, 2005.

Mario Caballero, Houston, TX, for Appellant.

Glenda Hobbs Kirsch, Marcia Morgan Pevey, Earnest W. Wotring, Connelly, Baker, Maston, Wotring & Jackson, L.L.P., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices HIGLEY and BLAND.

## OPINION

LAURA HIGLEY, Justice.

Appellant, Wanda Hudson, as the mother of Sun, sought injunctive relief in the trial court, requesting that appellee, Texas Children's Hospital ("the hospital") be ordered to continue life-sustaining treatment for her infant ("Sun"). Hudson based her claims on Texas Health and Safety Code subsection 166.046(g) (hereinafter "subsection 166.046(g)"),[1] the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"),[2] and the Texas Health and Safety Code section 311.022[3] (commonly referred to as "the Texas anti-dumping statute").

Of the seven issues presented by Hudson on appeal, the dispositive issue that we address is whether the trial judge erred by denying Hudson's motion to recuse himself, rather than referring the motion to the presiding judge of the statutory probate courts for assignment to another judge for determination, as required by our rules of procedure. Because we conclude that the trial judge did not follow this mandatory, prescribed procedure with regard to Hudson's motion to recuse, we reverse and remand.

## Factual and Procedural Background[4]

Sun was born on September 25, 2004 at Hermann Hospital. Shortly thereafter, the infant was transferred to Texas Children's Hospital where he was diagnosed with the genetic disorder "thanatophoric dysplasia" and placed on a ventilator. Sun's treating physicians determined that, based on the infant's prognosis, it was inappropriate to continue life-sustaining treatment. On October 13, 2004, the hospital's bioethics committee met to review the decision of the treating physicians as required by Texas Health and Safety Code subsection 166.046(a).[5] The committee agreed with the decision of the treating physicians to discontinue life-sustaining treatment and informed Hudson of its determination. The hospital's bioethics committee reconvened and finalized its decision on November 18, 2004. On that date, the hospital also notified Hudson in writing that it would discontinue care of Sun within 10 days, as provided in Health and Safety Code section 166.046, unless Hudson located a physician and hospital willing to care for Sun. Hudson requested an extension until December 6 to locate alter-

1. Tex. Health & Safety Code Ann. § 166.046(g) (Vernon Supp.2004–2005).

2. 42 U.S.C. 1395dd (Law. Co-op.2001 & Supp.2004).

3. Tex. Health & Safety Code Ann. § 311.022 (Vernon 2001).

4. The fundamental background facts of the underlying suit appear to be undisputed.

5. Tex. Health & Safety Code Ann. § 166.046(a).

nate medical care for her infant. The hospital agreed to the extension.

Litigation ensued with Hudson filing suit, seeking an injunction to compel the hospital to continue life-sustaining treatment for Sun and monetary damages. At the outset, the trial court issued a temporary restraining order, preventing the hospital from discontinuing life-sustaining treatment for Sun. The restraining order was extended as the litigation progressed.

On February 8, 2005, the trial court granted the hospital's special exceptions as to Hudson's EMTALA and Texas anti-dumping claims. The trial court also dismissed these claims, leaving only Hudson's claim for injunctive relief under subsection 166.046(g). Also on February 8, the trial court granted the hospital's motion to quash subpoenas, which had been filed by Hudson.

The trial court set Hudson's temporary injunction for hearing on February 9, 2005. At the hearing, Hudson requested the trial court to reconsider its rulings on the special exceptions. The trial court agreed, but expressed concern over further delaying the ultimate resolution of the matter. In this regard, the presiding judge remarked, "I am concerned about this continuing to go on and on because I am concerned about the baby. I understand that the baby is in significant pain. I think the longer we are going on with this, especially, if the end result is going to be the same-I think, you know, it's something that we all need to take into account." At that point, Hudson's counsel asked, "Your Honor, may I ask how the Court knows that the child is in significant pain, since, we haven't heard any testimony?" and inquired whether there had been ex parte communication. The trial judge responded, "I don't know where it would have

been. I think I read it in the newspaper. I don't know who told me." Hudson orally moved for a mistrial; the trial court did not expressly rule on the motion for mistrial.

The hearing then continued with regard to Hudson's subsection 166.046(g) claim, requesting the court to order the hospital to continue life-sustaining treatment for Sun. To obtain that relief, Hudson had the burden to show by a preponderance of the evidence that there was a reasonable expectation that another physician or health care facility would honor her directive to continue life-sustaining treatment to Sun.[6] Hudson admitted that she had no evidence to present at that time and had not found a healthcare provider who would care for Sun.

The court ruled that, pending the hearing on Hudson's motion for reconsideration, its order requiring the hospital to continue life-sustaining treatment for Sun remained in effect. The court also held that it deferred its final ruling on Hudson's subsection 166.046(g) request until the hearing on the motion for reconsideration to allow additional time for Hudson to find an alternate healthcare provider for Sun.

On February 14, Hudson filed her "Motion for New Trial and To Reconsider Ruling Granting Defendant's Special Exceptions and to Quash Subpoenas." The hearing on the motion was scheduled for 2:00 p.m. on February 16. Shortly before the hearing began on the 16th, Hudson filed a verified motion to recuse the trial judge. The motion was based on the remarks that the trial judge had made at the February 9th hearing pertaining to Sun's being in "significant pain." The motion alleged that the trial judge has "a preconceived factual opinion that creates a bias

---

6. TEX. HEALTH & SAFETY CODE ANN. § 166.046(g).

and prejudice that prevents him from making a fair decision."

At the beginning of the February 16th hearing, the trial judge stated on the record that Hudson had filed the motion for recusal shortly before the hearing. The hospital argued that the motion to recuse had not been brought in good faith but for purposes of delay. The trial judge orally denied the motion, concluding that, because Hudson had knowledge of the basis for the motion since the 9th, the motion was untimely. The trial judge also clarified that he had read in the pleadings that Sun was in pain.

The court then continued with the hearing and heard arguments related to Hudson's motion for reconsideration. At the conclusion of the hearing, the trial court ruled that Hudson's motion for rehearing on the special exceptions was denied. The court also stated that Hudson's subsection 166.046(g) request for the court to order the hospital to continue life-sustaining treatment was denied. The trial court then signed (1) an order denying Hudson's motion for new trial and motion to reconsider the granting of the hospital's special exceptions and motion to quash subpoenas, (2) a final judgment denying Hudson's request for extension of time under Texas Health and Safety Code subsection 166.046(g), and (3) an order denying Hudson's motion to recuse. The order denying the motion to recuse provided, in part, that the motion was not timely filed and that Hudson had not shown good cause for not filing the motion earlier.

Hudson filed a notice of appeal in this Court on February 16, 2005. We stayed the enforcement of the trial court's final judgment and ordered an expedited briefing schedule.

### Recusal

█ In her first issue, Hudson contends that the trial judge did not follow proper procedure when he denied her motion to recuse. In response, the hospital contends that the trial judge was permitted to determine the motion's timeliness and then dismiss it on that basis.

Once a motion to recuse is filed in statutory probate court, the trial judge has two options before taking any other action: (1) recuse himself or (2) request that the presiding judge of the statutory probate courts assign a judge to hear the motion to recuse. TEX. GOV'T CODE ANN. § 25.00255(f) (Vernon 2004); TEX.R. CIV. P. 18a(c). The Texas Supreme Court has held that the recuse or refer procedure is mandatory. *See McLeod v. Harris*, 582 S.W.2d 772, 774 (Tex.1979).

█ The recusal movant must file her motion to recuse 10 days before the next trial or hearing. TEX. GOV'T CODE ANN. § 25.00255(b); TEX.R. CIV. P. 18a(a). However, "[the] ten-day requirement of Rule 18a does not contemplate the situation in which a party cannot know the basis of the recusal until after a motion for recusal is no longer timely." *Keene Corp. v. Rogers*, 863 S.W.2d 168, 171 (Tex.App.-Texarkana 1993, no writ); *see also Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex.App.-Houston [1st Dist.] 1994, writ denied) ("Where the movant in a motion to recuse does not receive 10 days notice of the hearing on the matter from which he seeks to recuse the judge, the 10–day requirement of rule 18a(a) cannot apply.").

We acknowledge that this Court has implied that a trial judge may determine whether the 10–day requirement of Rule 18a(a) has been met before deciding whether to recuse or refer. *Petitt v. Laware*, 715 S.W.2d 688, 692 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.) (concluding that mandatory provisions to recuse or refer do not come into play if

motion is untimely filed). The instant case, however, belongs to a subset of cases in which the 10–day requirement of Rule 18a(a) does not apply because either (1) the claimed event that triggers recusal occurs less than 10–days before the next scheduled hearing or (2) the movant in a motion to recuse does not receive 10 days notice of the hearing on the matter from which he seeks to recuse the judge. We have found no authority in which the triggering event occurred within the 10–day period preceding trial or a scheduled hearing and it was held that it was proper for the trial judge to determine whether the written motion to recuse was filed timely. To the contrary, when the timing of events renders the 10–day requirement inapplicable, courts have held that the trial judge has only two options: recuse or refer. *See Metzger*, 892 S.W.2d at 49; *see also In re Healthmark Partners, L.L.C.*, No. 14–04–00743–CV, 2004 WL 1899953, at *1–*2 (Tex.App.-Houston [14th Dist.] Aug. 26, 2004, orig. proceeding) (mem.op.) (ruling that trial judge could not refuse to act on motion to recuse filed three days before trial and based on judge's comments made five days before trial; rather, judge was required to recuse or refer).

█ Whether Hudson's motion to recuse was not timely because no good cause was shown for the seven-day delay in its filing was not for the trial judge to determine.[7] Rather, the determination of whether a motion to recuse is timely, particularly when the 10–day requirement of Rule 18a(a) is inapplicable, is a fact-intensive inquiry to be made by the judge assigned to hear the motion to recuse. *See In re Healthmark Partners* at *2 (concluding that determination of whether recusal movant brought motion for purposes of delay and without sufficient cause, in context of Rule 18a(f) sanctions, was for judge who heard recusal motion to decide). Thus, once a motion to recuse is filed, a trial judge must either recuse or refer and make no other determinations. "To hold otherwise undermines the purpose of the rule: to distance the trial judge from the recusal proceedings and afford a neutral arbitration of the movant's complaint." *Bruno v. State*, 916 S.W.2d 4, 9 (Tex. App.-Houston [1st Dist.] 1995, pet. ref'd) (Hedges, J., concurring). This is especially true, when, as here, the movant complains that the trial judge's handling of the proceedings may be governed by personal bias. Such procedure serves not only to protect the movant and the integrity of the proceedings, but also to protect the judge from later accusations that his decision to deny the motion was equally motivated by bias or prejudice.

Based on the circumstances presented, the trial judge had two options: to recuse himself or refer the motion for determination by another judge. *See Metzger*, 892 S.W.2d at 49. Because he did neither, his actions taken after the motion to recuse was filed are "void." *Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex.App.-Houston [14th Dist.] 2001, no pet.); *Brosseau v. Ranzau*, 28 S.W.3d 235, 238 (Tex.App.-Beaumont 2000, no pet.); *In re Rio*

---

7. It is difficult to measure whether a motion to recuse is "untimely" when the only objective standard—the 10–day requirement—is not applicable. Although stated in terms of "timeliness," the issue in reality appears to be whether Hudson delayed unreasonably when she waited until February 16th to file her motion. We note that Rule 18a(h) provides for sanctions if the motion to recuse is brought for delay and without sufficient cause. But that determination should also be made by the judge hearing the motion to recuse. *See* Tex.R. Civ. P. 18a(h); *see also In re Healthmark Partners, L.L.C.*, No. 14–04–00743–CV, 2004 WL 1899953, at *2 (Tex. App.-Houston [14th Dist.] Aug. 26, 2004, orig. proceeding) (mem.op.)

*Grande Valley Gas Co.*, 987 S.W.2d 167, 180 (Tex.App.-Corpus Christi 1999, orig. proceeding). Such actions include the trial judge's signing of (1) the order denying Hudson's motion for new trial and motion to reconsider the granting of the hospital's special exceptions and motion to quash subpoenas, (2) the final judgment denying Hudson's request for extension of time under Texas Health and Safety Code § 166.046(g), and (3) the order denying Hudson's motion to recuse.

The hospital also contends that the motion to recuse was properly denied because (1) the motion was not based on personal knowledge, (2) the motion failed to state valid grounds for recusal, (3) Hudson orally disavowed the motion filed by her counsel at the hearing on February 16, 2005, and (4) Hudson was estopped from filing the motion because she had requested affirmative relief from the trial court after the event on which she based the motion to recuse. However, these are also issues that were not appropriate for the trial judge to determine. *See Carson v. McAdams*, 908 S.W.2d 228, 228 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); *Carson v. Gomez*, 841 S.W.2d 491, 492–93 (Tex.App.-Houston [1st Dist.] 1992, no writ). As we have stated, the trial here had two options after the motion to recuse was filed: recuse or refer.

The dissent states that our holding that the trial judge is required to either recuse or refer a motion to the administrative judge is "in error and contrary to this Court's precedent." We feel duty-bound to point out that the dissent's statement is contrary to the applicable law of this case and is supported by inapposite authority.

The dissent cites *Texaco v. Pennzoil*, 729 S.W.2d 768, 855 (Tex.App.-Houston [1st Dist.] 1986, writ. ref'd n.r.e.) and *Gill v. Texas Department of Criminal Justice*, 3 S.W.3d 576, 579 (Tex.App.-Houston [1st Dist.] 1999, no pet.), in support of its position. Both *Texaco* and *Gill*, however, involved circumstances and issues distinct from what is presented here. Neither case stands for the proposition that a trial judge may review a motion to recuse to determine whether it states valid grounds for recusal *before* the trial judge must follow the mandatory requirements of Rule 18a to recuse himself or refer to the administrative judge. To the contrary, and significantly, both *Texaco* and *Gill* involved circumstances in which the trial judge had followed the recuse or refer mandate of Rule 18a. *Texaco*, 729 S.W.2d at 853; *Gill*, 3 S.W.3d at 578.

In *Gill*, the trial judge refused to recuse himself and then referred the matter to the administrative judge, as required by Rule 18a. *Gill*, 3 S.W.3d at 578. The administrative judge then assigned the motion to another judge for determination. *Id.* After the assignment, the recusal movant filed objections to the assigned judge hearing the motion. *Id.* at 579. The assigned judge denied the motion to recuse the trial judge without addressing the movant's objections to his own assignment. *Id.* On appeal, the movant asserted that the assigned judge was required to disqualify himself pursuant to Texas Government Code section 74.053, which governs peremptory challenges to visiting judges. *Id.* at 578.

This Court determined that the movant's objections to the assigned judge were governed by the requirements of Rule 18a. *Id.* at 579. One of the requirements of Rule 18a is that the motion be verified. *Id.* We concluded that the motion was not properly verified, even under the less rigid standards afforded prison inmates such as the movant. *Id.* For this reason, we held that the movant had waived his right to complain of the visiting judge's assignment on appeal. *Id.*

In contrast, the instant case does not involve an objection to a visiting judge and does not involve an unverified motion. Indeed, the motion in this case was verified. Thus, our holding in *Gill* is inapposite to the instant issue before us.

Our holding in *Texaco* is also inapplicable to the instant case. In *Texaco*, the trial judge referred the motion to recuse to the administrative judge, who determined the motion to recuse. *Texaco*, 729 S.W.2d at 853. The administrative judge found that the reason stated in the motion to recuse the trial judge was not valid and refused to hold a further hearing on the matter. *Id.* at 852. The issue in *Texaco* was not whether the trial judge could determine the validity of the motion on its face before deciding to recuse or refer. Rather, the issue presented in *Texaco* was whether the administrative judge was required to hold an evidentiary hearing on the motion to recuse before denying it. *Id.* Thus, it was in this context that we recognized that "[w]hile rule 18a does mandate a hearing on a motion to recuse, such requirement is not triggered unless the recusal motion states valid grounds for disqualification." *Id.* at 855. Because the instant case does not involve whether the judge to whom a motion to recuse is assigned must hold a hearing before denying the motion, our holding in *Texaco* is equally inapposite to the issue before us.

With respect to recusal motions filed within the 10–day period before a hearing or trial, as discussed above, this Court's decisions are entirely internally consistent and are consistent with that of our sister court, the Fourteenth Court of Appeals. *See Metzger*, 892 S.W.2d at 49; *Healthmark Partners, L.L.C.*, No. 14–04–00743–CV, 2004 WL 1899953, at *1–*2. This Court has never held that a trial judge may deny a motion to recuse based on his or her own judgment that the motion failed to present valid grounds for recusal. This Court has also never held, as advocated by the dissent, that a recusal movant "waives" her right to appeal the trial judge's failure to follow the mandatory recuse or refer procedure under such circumstances, when the motion does not state valid grounds. Such holdings would nullify the fundamental purpose of the rule: to have a neutral arbitration of the movant's complaint.

We sustain Hudson's first issue.[8]

### Conclusion

We hold that the trial judge erred when he did not follow the mandatory requirements either to recuse himself or to refer the motion to recuse to the presiding judge of the statutory probate courts and instead denied the motion to recuse.

Accordingly, we reverse the final judgment of the trial court and remand the cause to that court to allow the trial judge either to recuse or to refer to the presiding judge of the statutory probate courts. The case, in effect, returns to the point in time when the motion to recuse was filed.

Because of the time-sensitive nature of what is at stake in this case, no motion for rehearing will be entertained. *See* TEX. R.APP. P. 49.4. The mandate may issue early in this case if the parties so agree, or for good cause on the motion of a party. TEX.R.APP. P. 18.1(c).

Justice BLAND, concurring.

En banc consideration was requested.

A majority of Justices voted against en banc consideration.

Justice JENNINGS, dissenting from the denial of en banc consideration.

---

8. Because we sustain Hudson's first issue, we need not address her other issues.

JANE BLAND, Justice, concurring.

I join the court's opinion and write separately to add two observations.[1]

First, our holding that the motion to recuse must be referred to another judge for review is not an opinion as to the timeliness or the merit of the motion, nor should it be read as a criticism of the character of the trial judge. *See In re Union Pacific Resources Co.*, 969 S.W.2d 427, 429 (Tex.1998) (Hecht, J., concurring) ("While no judge likes to think of being perceived as partial, a hearing on a motion to recuse is simply not a trial of the judge's character and should not be treated as such."). Although the motion ultimately may prevail or fail, the method by which our court system handles such motions is fundamental to public confidence in the judiciary. *See Johnson v. Pumjani*, 56 S.W.3d 670, 672 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (holding that procedurally insufficient motions to recuse must be referred so as to avoid even the appearance of impropriety; court system's handling of motions to recuse "goes to the very heart of the promise of impartiality."). Thus, "[t]he less a judge is involved in recusal proceedings, voluntarily or invol-

untarily, the better." *Union Pacific*, 969 S.W.2d at 429 (Hecht, J., concurring).

Second, our own court—as well as other courts of appeals—has taken divergent positions as to whether the sitting judge may deny a recusal motion as procedurally deficient and thus be excused from referring it to another judge for a hearing.[2] These opinions differ in result depending upon the circumstances. Such inconsistent decisions create uncertainty for a trial court faced with an untimely or otherwise procedurally defective motion to recuse—sometimes the trial judge may be found to have the authority to deny the recusal motion without referring it, but sometimes not. If a trial judge cannot determine timeliness (and Rule 18a does not provide that he can), then we should say so consistently—so that referral of recusal motions becomes automatic, no matter the circumstance.[3] *See* TEX.R. CIV. P. 18a.

TERRY JENNINGS, Justice, dissenting from the denial of en banc consideration.

TERRY JENNINGS, Justice, dissenting.

I respectfully dissent from the denial of en banc consideration of this case. Appel-

---

1. *See In re Union Pacific Resources Co.*, 969 S.W.2d 427, 429 (Tex.1998) (Hecht, J., concurring).

2. *Compare, e.g., Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (holding that trial judge must refer issue of timeliness), *with Petitt v. Laware*, 715 S.W.2d 688, 692 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.) (holding that trial judge excused from referring untimely motion); *Leon County v. Grayson*, No. 10–03–101–CV, 2003 WL 21780961, at *2–3 (Tex. App.-Waco July 30, 2003, no pet.) (mem.op.) (majority holding that trial judge must refer motion; dissent contending that motion was untimely and thus judge could deny it), *with Spigener v. Wallis*, 80 S.W.3d 174, 181 (Tex. App.-Waco 2002, no pet.) (holding that trial judge excused from referring recusal motion

because it was not timely filed or verified); *In re Rio Grande Valley Gas Co.*, 987 S.W.2d 167, 178–79 (Tex.App.-Corpus Christi 1999, no pet.) (holding that referral is mandatory, regardless of sufficiency of motion), *with Wright v. Wright*, 867 S.W.2d 807, 811 (Tex.App.-El Paso 1993, writ denied) (holding that trial judge need not refer untimely motion), *and Lamberti v. Tschoepe*, 776 S.W.2d 651, 652 (Tex.App.-Dallas 1989, writ denied) (holding that "regardless of the 'procedural sufficiency' of the motion, [judge] has only the option to act in one of two ways: to recuse himself, or refer the case to the presiding judge.").

3. This is not to disagree that, at minimum, the motion must be in writing. *See Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982).

lant filed an inadequate motion to recuse the trial judge and waived her right to complain about this issue on appeal. The panel's holding that the trial judge was required either to "recuse himself or refer [appellant's motion to recuse] for determination by another judge" is in error and contrary to this Court's precedent, and extraordinary circumstances require en banc consideration. *See* TEX.R.APP. P. 41.2(c).

Here, appellant, in her motion to recuse, asserts that the trial judge "made a factual finding that Sun was in 'significant pain.'" Appellant alleges that "[s]uch a view could cause prejudice and bias and impartiality" because the judge was "likely [to] feel inclined to decide to make a ruling that would remove Sun from life support in order to relieve him of the pain." From this, appellant concludes that the trial judge had "a preconceived factual opinion that creates bias and prejudice that prevents [him] from making a fair decision."

A party in a hearing or trial in a statutory probate court may file a motion stating grounds for the recusal or disqualification of a judge. TEX. GOV'T CODE ANN. § 25.00255(a) (Vernon 2004); TEX.R. CIV. P. 18a(a). Such a motion "must" be verified and "state with particularity" the "grounds" for recusal or disqualification of the judge. TEX. GOV'T CODE ANN. § 25.00255(b) (Vernon 2004); TEX.R. CIV. P. 18a(a). The allegations in the motion must be based on "personal knowledge" or "specifically state" the grounds for the party's belief of the allegations. TEX. GOV'T CODE ANN. § 25.00255(b)(3) (Vernon 2004); TEX.R. CIV. P. 18a(a). Once such a motion is filed in statutory probate court, the trial judge must either (1) recuse himself or (2) request that the presiding judge of the statutory probate courts assign a judge to hear the motion. TEX. GOV'T CODE ANN.

§ 25.00255(f) (Vernon 2004); TEX.R. CIV. P. 18a(c).

However, when a recusal motion is filed, the trial judge against whom the motion is directed may properly make an initial decision of whether the motion conforms with Rule 18a. *Barron v. State*, 108 S.W.3d 379, 382 (Tex.App.-Tyler 2003, no pet.). We have previously held that if a party does not comply with the mandatory requirements of Rule 18a, she waives her right to complain of a judge's refusal to recuse himself. *Gill v. Texas Dep't of Criminal Justice*, 3 S.W.3d 576, 579 (Tex. App.-Houston [1st Dist.] 1999, no pet.). In construing a previous version of Rule 18a, which provided that a trial judge was required to request that the presiding judge assign another judge to hear a motion to recuse, this Court noted that:

> While rule 18a does mandate a hearing on a motion to recuse, such requirement is not triggered unless the recusal motion states valid grounds for disqualification.

*Texaco, Inc. v. Pennzoil, Co.*, 729 S.W.2d 768, 855 (Tex.App–Houston [1st Dist.] 1987, writ ref'd n.r.e.). We held that "Texaco's rule 18a motion was inadequate" and "no additional hearing was mandated." *Id.* at 856. To support our holding we cited *Gaines v. Gaines*, 677 S.W.2d 727, 731 (Tex.App.-Corpus Christi 1984, no writ), wherein the court held that the contentions raised in a motion to disqualify were "without merit" because the appellant did "not establish enough information to warrant referral of the motion to the presiding judge."

Likewise, here, appellant's cursory and conclusory motion to recuse the trial judge was inadequate because appellant did not state with particularity enough information to warrant referral of the motion to the presiding judge of the statutory probate courts. She simply did not "specifically

state" grounds for her belief that the trial judge was biased or prejudiced. The fact that the trial judge expressed, in the context of expediting the case, concern that Sun was experiencing "significant pain," in no way supports an inference that the trial judge had "a preconceived factual opinion that creates bias and prejudice."

Because appellant's motion to recuse the trial judge did not comply with the mandatory requirements of Government Code section 25.00255 and Rule 18a, I would hold that appellant has waived her right to complain of the trial judge's refusal to request that the presiding judge of the statutory probate courts assign a judge to hear the motion. The panel's holding that the trial judge was required either to "recuse himself or refer [appellant's motion to recuse] for determination by another judge" is in error and contrary to our previous holdings in *Texaco* and *Gill*.[1] Accordingly, I would overrule appellant's first issue and reach the merits of the appeal.

---

1. The panel goes to great lengths to distinguish both *Gill* and *Texaco*. Their distinctions are without a difference. A party can either waive their right to complain of the issue of recusal or they cannot; this Court has already held that the recusal issue can be waived.