Real Parties= Motions for Rehearing Overruled; Relator=s Motion for
Sanctions Denied; and Supplemental Memorandum Opinion on Rehearing filed August
8, 2006












Real Parties= Motions for Rehearing Denied; Relator=s Motion for Sanctions Denied; and Supplemental
Memorandum Opinion on Rehearing filed August 8, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01222-CV

____________

 

IN RE DAWN JOHNSON WHATLEY

 





 

ORIGINAL PROCEEDING 

WRIT OF MANDAMUS

 





 

S U P P L E M E N T A L   M E M O R
A N D U M   O P I N I O N

O N   R E H E A R I N G

In our opinion of June 1, 2006, we granted mandamus relief,
finding that The Honorable Michael Wood had entered orders while a recusal motion remained pending.  Since our opinion
issued, the pending recusal motion was denied by
Judge Gladys Burwell.  Real parties, Mylus James
Walker and Ray Black, each have filed motions for rehearing, challenging our
June 1st opinion.

 

Walker first argues that
the recusal motion we found pending, which was filed
in the trial court on September 9, 2005, was tertiary.  In support of this
assertion, Walker
cites to In re K.M.K., 2002 WL 31760938 (Tex. App.BSan
Antonio 2002, pet. denied).  In K.M.K., the appellant had
filed three recusal motions: one against the trial
judge, one against the judge assigned to hear the motion to recuse
the trial judge, and one against the next judge assigned to hear the motion to recuse the trial judge.  Id. at * 1.  With no analysis, the San Antonio court found the third recusal motion was tertiary.  Id.   We disagree with this
conclusion.  As we state in our original opinion, the statute defines a Atertiary recusal motion@ as a third or
subsequent recusal motion Afiled against a
district court, statutory probate court, or statutory county court judge by the
same party in a case.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 30.016(a) (Vernon Supp. 2005). 
We construe this statute to mean that the three or more recusal
motions must have been filed by the same party against the same judge. 
Thus, the September 9, 2005, recusal motion filed by relator against Judge Wood is not tertiary because it was
not the third motion filed by relator against Judge
Wood.

Walker argues that our
holding creates a Ajudicial loophole@ that can be used
to prevent a case from proceeding to trial or judgment.  Walker notes that a party can file a recusal motion against the trial judge and then subsequent recusal motions against the judge assigned to hear that recusal motion, effectively preventing the case from moving
forward because no judge can act while a recusal
motion is pending.  Despite Walker=s protests, our
holding is based on the statutory language which plainly states that a tertiary
motion is the third recusal motion filed by the same
party against a trial judge, sitting either in district court, statutory
probate court, or statutory county court.  See Tex. Civ. Prac. & Rem. Code Ann. ' 30.016(a) (Vernon
Supp. 2005).  Our construction of the statute is not only faithful to the
words our legislature chose but also reasonable because recusal
motions allege facts that are specific to the individual judge.  
Whether recusal motions are groundless is a matter
for the assigned judge to determine.  Furthermore, section 30.016 allows a
trial judge to avoid the prohibition of Rule 18a(d)
once a third recusal motion is filed against him or
her by the same party.  

 

Walker next claims that
the orders issued by Judge Wood while the September 9th recusal
motion was pending are not void because Judge Wood stated Agood cause@ for issuing the
order dated October 13, 2005, and December 14, 2005.  Rule 18a provides
that a judge shall make no further orders in a case after the filing of recusal motion and prior to a hearing on the motion, A[e]xcept for good cause stated in the order in which further
action is taken . . . . @  Tex. R. Civ. P. 18a(d).  The subject order does
not have Agood cause@ language which
might suffice for the trial court to take further action in the face of a
pending motion to recuse.  Though the October
13th and December 14th orders mention Agood cause,@ the Agood cause@ required by Rule
18a must relate to the necessity for taking further action in a case in which a
recusal motion is pending, not to any Agood cause@ that might
support the merits of the underlying motion.  Nothing in the orders
indicates that the judge appointed guardians in the face of a pending recusal motion, for example, because circumstances made it
necessary to act on this matter without following the regular statutory recusal procedure.  Our review of the orders indicates
that the Agood cause@ stated in the
orders was included to facilitate appointment of temporary and permanent
guardians, and not for the purpose of taking Afurther action@ in a case while a
recusal motion was pending.  Though there may be
cases in which the same circumstances demonstrate Agood cause@ for both
purposes, there is nothing in the record of this case to show why it was
necessary for the judge to rule on the guardianship without first following the
recusal-motion procedures outlined in the statute.

 

The orders signed by Judge Wood while the September 9th recusal motion was pending include an order reaffirming the
appointment of a temporary guardian, signed on October 13, 2005, and an order
appointing permanent guardians, signed on December 14, 2005.  Both orders
recite good cause for their entry.  The order of October 13th states Athere is imminent
danger that the physical health and safety of the Proposed Ward will be
seriously impaired, and/or that the Proposed Ward=s estate will be
seriously damages or dissipated unless a temporary guardian of the Proposed
Ward=s person and
estate is appointed . . . . @ The December 14th order states AMr. Whatley is an
incapacitated person as that term is defined by the Texas Probate Code and
lacks necessary physical and mental capacity to care for himself and to manage
his financial affairs . . . .@  The December 14th order also states
that it is in Mr. Whatley=s best interest for the trial court to
appoint a guardian of his person and estate.  These statements go to the
merits of the underlying motions and, without more, do not show good cause for
entering these orders while a recusal motion was
pending.  To enter an order appointing a temporary guardian, a trial judge
must find evidence of, among other facts, Aimminent danger that the
physical health or safety of the respondent will be seriously impaired, or that
the respondent=s estate will be seriously damaged or dissipated
unless immediate action is taken. . . . @ Tex. Prob. Code Ann. ' 875(g) (Vernon
Supp. 2005).  The statement in the October 13th order
tracks this statutory language.  However, recitation of the above
statutory language did not, without more, establish good cause for deviating
from the statutory procedure for recusal motions. 

Furthermore, to appoint a permanent guardian, a trial court
must find that Athe proposed ward is
totally without capacity . . . to care for himself or herself and to manage the
individual=s property . . . .@ Tex. Prob. Code Ann. ' 693(a) (Vernon 2003). 
The language in the December 14th order that real parties cite as good cause
for the trial judge to act while a recusal motion is
actually the finding the trial judge must make to appoint a permanent guardian,
as required by statute.  Thus, this finding of the trial court does not
constitute a statement of good cause for acting while a recusal
motion is pending.

As their final ground for rehearing, Walker and Black argue
that relator abandoned the September 9th motion in
several ways.  Walker and Black first assert that relator
did not raise this issue in her mandamus petition.  Indeed, as we noted in
our original opinion, relator did not specifically
argue that the September 9th motion remained pending; however, she did raise
the general issue that Judge Wood continued to act while a recusal
or disqualification motion was pending.  In reviewing the record, we
determined no ruling was ever made on the September 9th recusal
motion after it was referred Judge Burwell.  Thus, we found the issue was
sufficiently raised by the petition.  

 

By filing the September 9th recusal
motion, relator followed the procedure in Rule 18a,
which required Judge Wood either to recuse himself or
to refer the motion.  Once the motion was referred, the rule states that
the judge shall make no further orders. See Tex. R. Civ. P. 18a(d).  Walker
and Black assert, however, that relator was not
entitled to mandamus relief because there was no demand for performance of a
nondiscretionary act and a refusal to act by the trial judge.  Relator was not required to reiterate her demand for recusal or for a ruling on the recusal
motion.  Furthermore, our grant of mandamus relief was not based on Judge
Wood=s refusal to rule,
but was based on his entry of orders while a recusal
motion was pending.  Mandamus relief is appropriate when a court issues
void orders, Urbish v. 127th Judicial Dist.
Court, 708 S.W2d 429, 431 (Tex. 1986), and orders issued by a trial judge
while a recusal motion is pending are void.  See
Johnson v. Pumjani, 56 S.W.3d 670, 672 (Tex App.BHouston[14th Dist.] 2001, no pet.); In re Rio
 Grande Valley Gas Co., 987
S.W.2d 167, 179 (Tex. App.BCorpus Christi 1999,
orig. proceeding).

Walker and Black also point to other facts they contend
show abandonment of the September 9th motion: (1) statements on the record and
subsequent filings containing the statement that the September 12th recusal motion was the first motion to recuse
because all prior motions were filed while the case was removed; (2) no filings
by relator after September 9, 2005, mention a pending
recusal motion; and (3) no objection at a hearing
that the judge could not act because a recusal motion
remained pending.

 

The September 9th motion raised both recusal
and disqualifications grounds.  As to disqualification, the motion raised
the allegation that Judge Wood was constitutionally disqualified because he
filed a motion to quash in which he requested sanctions.  Disqualification
on constitutional grounds cannot be waived.  Fry v.
Tucker, 146 Tex.
18, 202 S.W.2d 218, 221 (1947); F.S. New Prods.,
Inc. v. Strong Indus., Inc., 129 S.W.3d 594, 598 (Tex. App.BHouston[1st
Dist.] 2003, no pet.).  Furthermore, the question whether appellant=s subsequent
actions constituted abandonment of her September 9th motion was not one the
trial judge could consider in determining whether he could proceed to rule
after referring a recusal motion.  See Hudson v. Tex. Children=s Hosp., 177 S.W.3d 232,
237 (Tex. App.BHouston[1st Dist.] 2005, no pet.).  Rule 18a provides that a judge@shall make no further order@ while a recusal motion is pending.  Tex. R. Civ. P. 18a(d).

The real parties have not cited, and we have not located,
any authority holding that a party can waive or abandon a motion to recuse or disqualify a trial judge after it has been
referred to another judge for a ruling.  Walker cites to In re Shaw, 966 S.W.2d
174, 177 (Tex. App.BEl Paso 1998, no pet.)
for the general proposition that a pleading may be abandoned; however, we are unpersuaded that this authority applies to the facts of
this case.  Thus, we find no merit to any of the grounds for rehearing
presented by real parties, Walker and Black.

         
In response to real parties= motions for rehearing, relator has filed a motion for sanctions, alleging that
real parties have filed Afalse and misleading
motions for rehearing and omitting crucial documents.@  We do not
find the motions to include false or misleading statements.  Furthermore,
motions for rehearing need not include an appendix with documents.  The
mandamus record previously filed with this court contains sufficient
documentation for our disposition of the motions for rehearing. 
Accordingly, we deny relator=s motion for
sanctions.

Because we have found no basis for granting rehearing, we
deny real parties= motions for rehearing.

 

 

/s/      Charles Seymore

Justice

 

 

Supplemental Memorandum Opinion on
Rehearing filed August 8, 2006.

Panel consists of Justices Hudson,
Frost, and Seymore.