Opinion issued May 10, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00239-CV






PETER J. RIGA AND MICHAEL EASTON, Appellants


V.


COMMISSION FOR LAWYER DISCIPLINE, Appellee






On Appeal from the 151st District Court

Harris County, Texas

Trial Court Cause No. 2005-06483






O P I N I O N

 In this interlocutory appeal, the district court granted a plea to the jurisdiction
and held that, in a disciplinary action against a lawyer, the district court has no
subject-matter jurisdiction over issues and parties not contemplated by the Texas
Rules of Disciplinary Procedure. See Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(8) (Vernon Supp. 2006) (allowing interlocutory appeal). The district
court's March 1, 2006 order dismissed all other parties to the disciplinary action other
than appellee, the Commission for Lawyer Discipline, and appellant Peter J. Riga. 
Appellants Michael Easton and Riga appeal. We reverse.

Background


 The Commission brought a disciplinary action against Riga, alleging that Riga
violated provisions of the Texas Disciplinary Rules of Professional Conduct and that
Riga assisted Easton, his legal assistant, in the unauthorized practice of law. Pursuant
to Texas Rule of Disciplinary Procedure 3.02, the supreme court appointed the
Honorable Craig Fowler, judge of the 255th District Court of Dallas County, to
preside over the disciplinary action. Easton filed a plea in intervention, bringing
claims against Pamela Halliburton, the Commission's lawyer, and Suzanne Ross, a
member of one of the State Bar's grievance committees. Riga filed counterclaims
against the State Bar of Texas, the Commission, and Halliburton, seeking monetary
damages under title 42, United States Code, section 1983 and sanctions under state
law. Easton later filed a motion to recuse Judge Fowler.

 The State Bar, the Commission, Halliburton, and Ross filed a plea to the
jurisdiction in which they argued (1) that Judge Fowler's appointment order did not
authorize him to preside over any parties or claims other than the disciplinary action
brought by the Commission against Riga and (2) that the district court lacked subject-matter jurisdiction over parties and claims outside the disciplinary action. Before
taking action on the motion to recuse, Judge Fowler granted the plea to the
jurisdiction on May 25, 2005. That order was not appealed.

 In November 2005, Judge Fowler referred Easton's motion to recuse to the
presiding judge of the administrative judicial region, who later denied the motion. 
Acting in "an abundance of caution" after the denial of the motion to recuse, the State
Bar, the Commission, Halliburton, and Ross asked the district court to reconsider its
plea to the jurisdiction. Before the district court signed a second order on March 1,
2006 granting the plea to the jurisdiction, Riga and Easton on February 20, 2006 filed
another motion to recuse Judge Fowler. The district court's March 1, 2006 order does
not mention the pending recusal motion, but in a separate order on March 1, 2006, the
district court referred the recusal motion to the presiding judge of the administrative
judicial region. The record does not reflect the ultimate disposition of the recusal
motion.


Discussion

 Riga and Easton bring two issues. The first challenges the district court's
action in ruling on the plea to the jurisdiction while the recusal motion was pending. 
The second challenges the merits of the order, in which Riga and Easton argue that
the district court as a court of general jurisdiction had subject-matter jurisdiction over
the matters concerning the other parties and claims. (1)

 The record establishes that Judge Fowler was aware that a second motion to
recuse was pending when he signed the March 1, 2006 order granting the plea to the
jurisdiction. Texas Rule of Civil Procedure 18a(c) requires a judge who declines to
recuse to forward the recusal motion to the presiding judge of the administrative
judicial region. (2) Judge Fowler did this. However, Rule 186a(c) further requires that
the trial judge may make no further orders and take no further action prior to a
hearing on the forwarded motion. The only exception provided by the Rule is if the
further order states good cause for ruling notwithstanding the pending recusal motion. 
Here, the order granting the plea to the jurisdiction does not refer in any way to the
pending recusal motion, much less state good cause for why the order was signed
when the recusal motion was pending. Accordingly, the March 1, 2006 order is
"void" because it was signed in violation of Rule 18a. See Hudson v. Tex. Children's
Hosp., 177 S.W.3d 232, 236-37 (Tex. App.--Houston [1st Dist.] 2005, no pet.).

 The Commission argues that, even if Judge Fowler erroneously signed the
March 1, 2006 order, the dismissal was proper on the grounds of governmental
immunity. This argument was not raised in the plea to the jurisdiction, and we
decline to address it before this ground is presented to the trial court. Accordingly,
we sustain issue one. We do not reach issue two, concerning the scope of the district
court's jurisdiction over matters not directly related to the Commission's disciplinary
action against Riga.

Conclusion


 We reverse the March 1, 2006 order granting the plea to the jurisdiction. We
do not render an order in its place because the trial court should not have taken action
until the forwarded recusal motion was heard pursuant to Texas Rule of Civil
Procedure 18a(d). The Clerk of this Court is directed to issue the mandate
immediately. See Tex. R. App. P. 18.6. This opinion is to be published in the official
reporter system pursuant to Texas Rule of Disciplinary Procedure 6.06.




 Sam Nuchia 

 Justice


Panel consists of Justices Nuchia, Keyes, and Higley.
1. Riga and Easton draw a distinction between whether the district court
has subject-matter jurisdiction to hear the matters concerning the other parties and
claims, as opposed to whether it would be error for the district court to litigate those
matters in a disciplinary action.
2. Texas Rule of Civil Procedure 18a refers to the presiding judge of the
administrative judicial district, rather than the administrative judicial region. The
legislature created administrative judicial regions. Tex. Gov't Code Ann. § 74.042
(Vernon 2005). The term "administrative judicial region" is used in the Rules of
Judicial Administration, Texas Rule of Civil Procedure 3a, and Texas Parental
Notification Rule 2.2(d). The term "administrative judicial district" is used in Texas
Rule of Civil Procedure 18a, Rule of Disciplinary Procedure 3.02, and Standards and
Rules for Certification of Certified Shorthand Reporters section IV(O). The
difference in terms is immaterial.