Opinion issued May 24, 2007

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00962-CV






WILLIAM FRANCIS HARRIS, Appellant


V.


ANTOINETTE RICHARDSON WINSTON, AS GUARDIAN

OF THE PERSON AND ESTATE OF J.B.H., Appellee






On Appeal from the Probate Court

of Galveston County, Texas

Trial Court Cause No. 64224A






MEMORANDUM OPINION

 Appellant, William Francis Harris, appeals from the trial court's order granting
summary judgment in favor of appellee, Antoinette Richardson Winston, guardian of
the person and estate of Harris's minor child J.B.H., in a suit over the disposition of
insurance proceeds. In two issues, Harris contends that the trial court improperly
acted while his motion to recuse was pending, see Tex. R. Civ. P. 18a(c), and that the
trial court "should pay claims to Appellant to which he may be entitled." 

 Because Harris erroneously filed his motion to recuse with the district clerk's
office instead of the county clerk's office, where documents for the probate court are
properly filed, the probate court did not have a motion to recuse pending when the
summary judgment was rendered. His remaining appellate challenges are
inadequately briefed and present nothing for our review. We affirm.

Background 

 Harris is currently serving a 65-year prison sentence for the 2001 murder of
Wenona Harris, his wife and the mother of his child, J.B.H. See Harris v. State, 133
S.W.3d 760, 763 (Tex. App.--Texarkana 2004, pet. ref'd); In re. J.B.H., No. 14-05-00745-CV, 2006 WL 2254130 (Tex. App.--Houston [14th Dist.] Aug. 8, 2006, no
pet.). The appeal of Harris's conviction for murder was pending in the Texarkana
Court of Appeals when he attempted to collect on a life insurance policy held by
Wenona. Winston, as guardian of J.B.H., also filed a claim for the same death
benefits. In April 2003, Standard Insurance Company, the company that held the
policy on Wenona, filed an interpleader action in the 405th District Court in
Galveston County, naming Winston and Harris as defendants. Standard Insurance
paid $142,747.29 in benefits into the registry of the district court and was dismissed
from the case. 

 Winston filed a motion with the Galveston County probate court, which was
overseeing the guardianship of J.B.H., to transfer the lawsuit over the insurance
benefits from the 405th District Court to the probate court. The case was transferred
to the probate court in October 2003 and re-styled with Winston as plaintiff and
Harris as defendant.

 In February 2004, the Texarkana court of appeals affirmed Harris's murder
conviction. Harris, 133 S.W.3d at 775. The court of appeals' mandate issued in
October 2004. Shortly thereafter, Winston filed a motion for summary judgment in
the probate court. Winston contended that Harris's rights to the insurance benefits
were forfeited under the Texas Insurance Code due to his criminal conviction for the
murder of the policy-holder and that J.B.H. was entitled to the insurance proceeds as
first contingent beneficiary. Winston prayed that the funds in the court registry be
disbursed to her as guardian of the estate and person of J.B.H. Harris filed his
response to the motion for summary judgment in January 2005. The probate court set
a hearing on the motion for summary judgment for March 3, 2005. However, when
the probate court learned that Harris had filed a lawsuit against the probate court
judge that was presiding over the motion for summary judgment concerning the
insurance benefits, the probate court declined to set any hearings related to Harris. (1)

 On June 29, 2005, Winston's attorney sent a letter to the probate court judge
informing her that the case in the 306th District Court had been dismissed as to all
defendants and urging that Winston's motion for summary judgment be set on the
probate court's submission docket as soon as possible. The probate court set two
hearings: the first for July 14, 2005, on a motion to compel production filed by Harris,
and the second for July 27, 2005, on Winston's motion for summary judgment. 
According to Harris, he verbally told the probate court judge at the July 14 hearing
that he intended to move for her recusal. The written motion to recuse contained in
the appellate record before us is a copy that was file stamped by the Galveston
County District Clerk on July 26, 2005. (2) That motion to recuse asserted that the
probate court judge had a personal bias or prejudice, personal knowledge of disputed
evidentiary facts, and that the judge should recuse herself "BECAUSE SHE WAS A
DEFENDANT IN A SUIT, AFFECTING A PARENT-CHILD RELATIONSHIP IN
306th FAMILY JUDICIAL DISTRICT." That motion to recuse was attached to a
letter dated December 9, 2005, which disputed Harris's ability to pay costs associated
with this appeal, written to Mary Ann Daigle, Galveston County Clerk, and file
stamped December 14, 2005, by the County Clerk's office.

 On July 28, 2005, the probate court granted Winston's motion for summary
judgment. The final judgment ordered that all funds held in the court registry be
disbursed to Winston as guardian of the estate and person of J.B.H., for J.B.H.'s use
and benefit "to be done only upon further order of the court." The judgment further
stated that "any rights William Harris once had to any insurance proceeds of Wenona
Harris are hereby forfeited pursuant to Texas Insurance Code Section 1103.151, and
that [J.B.H.] is hereby entitled to all such proceeds pursuant to Texas Insurance Code
Section 1103.152(a)-(b)." 

Recusal

 In his first issue, Harris contends that the probate court judge "Abused her
Discretion by granting Appellee['s] . . . Motion for summary Judgment, when
Appellant's Motion to Recuse was on file, and dismissed Appellant's Petition that
was before the Court with prejudice." Winston responds that the probate court did
not abuse its discretion because Harris did not file a motion to recuse with the probate
court, and thus no motion to recuse was pending at the time the trial court rendered
summary judgment. 

 When a motion to recuse is filed with a trial court, the trial court judge has only
two options. Johnson v. Pumjani, 56 S.W.3d 670, 672 (Tex. App.--Houston [14th
Dist.] 2001, no pet.); Tex. R. Civ. P. 18a(c). She may recuse herself, or she may refer
the matter to the presiding judge of the statutory probate courts to assign a judge to
hear the motion. See Tex R. Civ. P. 18a(c) (stating that judge must recuse or refer to
presiding judge of administrative judicial district); Hudson v. Tex. Children's Hosp.,
177 S.W.3d 232, 235 (Tex. App.--Houston [1st Dist.] 2005, no pet.). This procedure
is mandatory. Hudson, 177 S.W.3d at 235. If the motion to recuse is denied, an
appellate court may review that denial on appeal from the final judgment for abuse
of discretion. Tex. R. Civ. P. 18a(f); Barron v. State Att'y Gen., 108 S.W.3d 379, 382
(Tex. App.--Tyler 2003, no pet.). 

 All documents filed in probate proceedings must be filed with the county clerk. 
Tex. Prob. Code Ann. § 11 (Vernon 2003)("All applications for probate
proceedings, complaints, petitions and all other papers permitted or required by law
to be filed in the court in probate matters, shall be filed with the county clerk."). As
his proof that he filed a motion to recuse the probate court judge, Harris refers to a
copy of a motion to recuse that was file stamped by the district clerk on July 26,
2005, two days before the trial court rendered the summary judgment in favor of
Winston. This motion does not, however, bear any mark indicating receipt by the
county clerk, which is the proper recipient for probate court filings. See id. Harris
has thus failed to point to any motion to recuse that was pending before the probate
court when the court rendered summary judgment against him. 

 Our record contains a copy of the motion to recuse, even though it was
originally filed with the district clerk, because Harris mailed a copy of that motion as
an attachment to a letter that he sent to the Galveston County Clerk, Mary Ann
Daigle. Harris's letter, dated December 9, 2005, was file stamped December 14,
2005, by the county clerk's office. Although a copy of the motion to recuse was
received by the county clerk, it was not received until it was made an attachment to
this December 2005 letter filed more than four months after the probate court
rendered the summary judgment against him.

 Harris asserts that he verbally notified the probate court on July 14, 2005, that
he would be filing a motion to recuse. Assuming Harris orally made a motion to
recuse the probate court, oral motions to recuse are not valid under rule 18a, which
requires that a written motion be filed and verified. See Barron, 108 S.W.3d at 382;
see also Tex. R. App. P. 18a(a) ("any party may file with the clerk of the court a
motion stating grounds why the judge . . . should not sit in the case"). (3)

 As further evidence that he filed a motion to recuse with the probate court,
Harris refers to documents in an appendix to his reply brief. The documents are not
part of our appellate record, and we may not consider them. See Green v. Kaposta,
152 S.W.3d 839, 841 (Tex. App.--Dallas 2005, no pet.); Adams v. Reynolds Tile and
Flooring, Inc., 120 S.W.3d 417, 423 (Tex. App.--Houston [14th Dist.] 2003, no
pet.). (4) 

 We overrule Harris's first issue. (5) 

Other Claims

 In his second issue, Harris asks whether the probate court judge should "pay
claims to appellant in which he may be entitled?" Harris asserts a variety of claims
for affirmative relief within this issue. Apparently referring to the merits of
Winston's motion for summary judgment, Harris contends that he is entitled to all
insurance benefits paid due to Wenona's murder that have been placed in the probate
court's registry. Harris further asserts a number of claims unrelated to the insurance
proceeds at issue in this appeal, including:

 that he is entitled to various items of personal
property held as community property with his late
wife;


 that it is not in the best interests of J.B.H. for
Winston to be his guardian, that Harris should be
named sole conservator of his and his wife's minor
child, and that Harris's mother should be named
guardian of the child's person and estate; and


 that he is entitled to funds for payment certain work
he alleges he performed for his wife and for which
he filed a mechanic's lien on property in Galveston
County. (6) 


Harris has also filed a motion for "CLAIMS,TO BE PAID OUT OF THE COURT
REGISTRY 64,224-A PURSUANT TO V.A.T.S. PROBATE CODE § 248-414." Winston asserts that Harris has failed to raise a proper point on appeal. She
states that Harris's contentions do not relate to any part of the trial court's final
judgment, that he does not cite to statutory or legal authority supporting his
entitlement to his purported claims, that he did not raise these issues in his notice of
appeal, and that he has not presented any argument for our review.

 The rules of appellate procedure require an appellant's brief to contain "a clear
and concise argument for the contentions made, with appropriate citations to
authorities and to the record." Tex. R. App. P. 38.1(h); Kaposta, 152 S.W.3d at 841.

A pro se litigant is held to the same standards as a licensed attorney and must comply
with applicable laws and rules of procedure. Kaposta, 152 S.W.3d at 841. The pro
se appellant is required to properly present his case. Id. 

 Harris cites to no authority and presents no argument in support of his
contention that he is entitled to insurance benefits paid upon the death of his wife. 
See id. In his brief to this Court, he cites to no authority relating to the disposition of
insurance benefits. In his reply brief, he cites to sections of the probate code
concerning intestate succession and the distribution of community property, without
acknowledging that the trial court expressly based its judgment on the provisions of
the Insurance Code governing forfeiture by a beneficiary who is convicted for
bringing about the death of the insured. See Tex. Ins. Code Ann. §§ 1103.151,
1103.152(a)-(b) (Vernon 2006); see also Tex. Prob. Code Ann. § 41(d) (Vernon
2003) (conviction as principal or accomplice in willfully bringing about death of
insured works forfeiture of estate on beneficiary); see generally Tex. Prob. Code
Ann. §§ 38-39, 41-42, 385-87 (Vernon 2003) (cited by Harris). Further, even if we
consider his motion to be a supplemental brief, Harris states that he requests relief
"INWHICH APPELLANT IS ENTITLED, PURSUANT TO V.A.T.S. PROBATE
CODE § 248-414," but he does not explain how these sections could apply to this
lawsuit. An appellant's failure to present sufficient argument or authority to support
an issue waives that issue on appeal. See Kaposta, 152 S.W.3d at 841 ("An issue on
appeal unsupported by argument or citation to legal authority presents nothing for the
court to review.")

 Appellant has failed to preserve error for his sub-issues relating to the
guardianship of J.B.H. and to his mechanic's lien. A party must obtain a ruling on
a motion in order to preserve error on the issue raised by the motion. See Tex. R.
App. P. 33.1(a)(2)(A); De Miño v. Sheridan, 176 S.W.3d 359, 373 (Tex.
App.--Houston [1st Dist.] 2004, no pet.). Even if we were permitted to review these
claims as having been properly raised by his numerous motions to the trial court,
Harris does not point to any adverse ruling by the trial court on any of these
additional sub-issues. 

 Appellant has not preserved these matters for our review. We overrule Harris's
second issue.



 Conclusion


 We affirm the judgment of the trial court. All outstanding motions are denied. 
 




 Elsa Alcala

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.
1. Appellant named the probate court judge as a defendant in a separate lawsuit filed in
the 306th Judicial District Court. See In re J.B.H., 14-05-00745-CV, 2006 WL
2254130 (Tex. App.--Houston [14th Dist.] Aug. 8, 2006, no pet.). In his brief to this
Court, Harris refers to that lawsuit, and also to another lawsuit that he filed relating
his wife's murder. None of those suits are properly before this court. See id.; see also
Harris v. Aames Capital Corp., No. 14-06-00124-CV, 2007 WL 853810 (Tex.
App.--Houston [14th Dist.] March 22, 2007, no pet. filed).
2. For clarity, we refer only to the motion to recuse that was filed with the district clerk
on July 26, 2005, that Harris contends was pending when the probate court rendered
the summary judgment. We note, however, that a prior motion to recuse was filed by
Harris in July 2004. The probate court judge declined to recuse herself and referred
the matter to Judge King, the Presiding Statutory Probate Judge, who assigned Senior
Statutory Probate Judge Scanlan to hold a hearing on the motion. That prior motion
to recuse was denied by Judge Scanlan in November 2004. Harris attempted
immediately to appeal that decision, but no appeal was appropriate at that time
because there was no final judgment in the case. See Tex. R. Civ. P. 18a (denial of
motion to recuse may be reviewed for abuse of discretion on appeal from final
judgment). In the present appeal, Harris does not challenge Judge Scanlan's decision
to deny the prior motion to recuse, but he suggests that the October 2003 transfer to
the probate court from the 405th District Court was improper. We note, however, that
the October 2003 transfer occurred more than six months before Harris filed this first
motion to recuse.
3. Harris filed a motion with this Court seeking an order that all reporter's records,
including the record of the hearing of July 14, 2005, be prepared and sent to this
Court. Because a record of Harris's oral motion is irrelevant to our disposition of this
case, we overrule this motion. 
4. The appendix contains a letter to Mary Ann Daigle, County Clerk of Galveston
County, that is dated July 20, 2005, and that asks the county clerk to file stamp "these
copy" and then to send the copies back to him. The letter does not describe any
document, nor does the appendix have anything attached to the letter. The sole
description in the letter that might suggest what was attached was in the line that
states, "RE: Motion to Resucal [sic]/ Amended Motion Notice of Appeal." Even if
we could consider the letter that was attached to the appendix, it does not show that
a motion to recuse was filed with the county clerk or probate court when the summary
judgment was rendered. 
5. Because Harris has not demonstrated that he filed his motion to recuse prior to the
trial court entering final judgment, we do not reach Winston's contention that Harris's
first issue is waived because he did not file his motion to recuse at least ten days
before the date set for the hearing on Winston's motion for summary judgment. See
Hudson v. Tex. Children's Hosp., 177 S.W.3d 232, 239 & n.2 (Tex. App.--Houston
[1st Dist.] 2005, no pet.) (Bland, J., concurring) (courts of appeals have been
inconsistent on question of whether trial court may deny motion to recuse without
referral based on procedural defect).
6. Harris's mechanic's lien has been litigated and appealed to the Fourteenth Court of
Appeals. See Harris, 2007 WL 853810, at *1.